485 A.2d 466

**Richard R. PRICE, Jr. and Catherine Price, Appellants,**

v.

**JOHNS-MANVILLE CORPORATION, Bell Asbestos Mines, Ltd., Asten-Hill Company, Raybestos-Manhatten, Asbestos Corporation, Ltd., Amatex, Cassiar a/k/a Brinco, National Gypsum Company.**

Superior Court of Pennsylvania.

Argued Sept. 5, 1984.

Filed Nov. 30, 1984.

134

Robert E. Paul, Philadelphia, for appellants.

Fredric Goldfein, Philadelphia, for appellees.

Before CIRILLO, OLSZEWSKI and MONTGOMERY, JJ.

OLSZEWSKI, Judge:

Appellants, Richard and Catherine Price, filed a complaint in trespass on August 22, 1979 against appellee, Bell Asbestos Mines Ltd., alleging personal injuries due to Mr. Price's exposure to asbestos during his employment as a weaver of dryer felts sold by Asten-Hill, Inc.. On November 13, 1979 Bell joined Amatex, Asbestos Corporation, Raybestos-Manhatten, National Gypsum, Cassiar Asbestos and Asten-Hill as additional defendants.[1] On August 1, 1983 the lower court granted appellees' motion for summary judgment based upon the expiration of the statute of limitations.

---

1. On June 18, 1980 Bell joined additional defendants, Johns-Manville, Southern Asbestos, Caroline Asbestos, Porter, Asten-Hill and National Asbestos.

Mr. Price was employed by the Asten-Hill Company from 1947–1961 as a weaver. Part of his duties included weaving asbestos fibres into asbestos cloth. On November 12, 1964 Mr. Price filed for workman's disability compensation and was represented by Barton Post, Esquire. After hearings, the referee determined that Mr. Price had partial disability from asbestosis. On appeal to the Workmen's Compensation Appeal Board, Mr. Price argued that his disability from asbestosis was total. The appeal was dismissed by the Board. The instant complaint in trespass was filed in August, 1979. On February 19, 1982 Mr. Price died. Mrs. Price filed a suggestion of death and substitution of party. On August 2, 1983 the lower court granted appellees' motion for summary judgment and this appeal followed.

Appellant raises three issues in support of his argument that summary judgment was improperly granted by the court below. First, he argues that the lower court erred in applying the discovery rule defined in *Volpe v. Johns-Manville*, 323 Pa.Super. 130, 470 A.2d 164, 4 Phila. County Reporter 290 (1980), to the facts of this case. We hold that the lower court properly applied the *Volpe* rule as the law of Pennsylvania at the time this case was decided. Further, we hold summary judgment would have been appropriate under the discovery rule defined in *Cathcart v. Johns-Manville*, 324 Pa.Super. 123, 471 A.2d 493 (1984).

■ The short answer to appellant's argument is that the motion for summary judgment in this case was granted in August, 1983. At that time appeals were pending before this Court in *Cathcart* (opinion filed January 13, 1984) and in *Volpe* (opinion filed December 23, 1983). Therefore the lower court did not err in applying the three-step *Volpe* test to determine when the statute of limitations commenced to run on appellant's claim.

We reach the same result under the two-pronged test defined by *Cathcart*. This Court, *en banc*, has modified the *Volpe* test to hold that the statute of limitations in

asbestos cases begins to run when a plaintiff "knows, or reasonably should know, that he has been injured and that his injury has been caused by another party's conduct." [2] *Cathcart*, 324 Pa.Super. at 136–137, 471 A.2d at 500. Applying this test to the instant case, there is no question that Mr. Price knew of his injury in 1964, fifteen years before he filed his complaint. In his November, 1964 petition, accompanied by a sworn affidavit, under the Pennsylvania Occupational Disease Act, Act of June 21, 1939, P.L. 566, *as amended*, 77 P.S. § 1201 *et seq.*, Mr. Price declared that the disability for which he was seeking compensation resulted from his employment in an occupation having an asbestos hazard. Mr. Price further stated: "I have had continual physical problems since August of 1963, and it is only recently that I discovered I had asbestosis." After a hearing on Mr. Price's claim, the referee found that he had asbestosis, but that his disability was partial. Mr. Price's appeal from the referee's decision, signed with a sworn affidavit, stated: "The Referee was correct in his finding that claimant has asbestosis but should have found that the disability from the asbestosis was total." Applying *Cathcart*, it is clear that Mr. Price knew he had asbestosis as early as November, 1964 and that the injury was caused by his exposure to asbestos at his place of work.

Appellant asserts that *Cathcart* requires that a claimant must know, or reasonably should know, that his injury was caused by another party's tortious conduct. This argument is founded in a misinterpretation of the following language:

> ... [I]t should be clear that ... a plaintiff's claim for all injuries arising out of the same tortious conduct of a defendant must be brought within two years of the time that the plaintiff knows, or in the exercise of reasonable

---

**2.** Prior to *Cathcart*, this Court has adopted Judge Takiff's formulation of the discovery rule as commencing the statute of limitations when a plaintiff: has knowledge of an injury; knowledge of the operative cause of the injury; and knowledge of the causative relationship between the injury and the operative conduct. *Volpe v. Johns-Manville*, 323 Pa.Super. 130, 470 A.2d 164 (1983).

diligence should know, of his initial injury and that the injury was caused by someone's wrongful conduct.

324 Pa.Super. at 149, 471 A.2d at 507.

Appellant would have us interpret "wrongful conduct" in a manner which would toll the statute of limitations until a plaintiff reasonably should know that he had grounds for a cause of action in negligence. *Cathcart* does not venture this far.

The test defined in *Cathcart* requires only that a plaintiff reasonably should know "that his injury has been caused by another party's conduct." 324 Pa.Super. at 137, 471 A.2d at 500. Applying this test, the court there held "it is enough that the appellant-husband knew that his asbestosis was caused by the inhalation of asbestos dust emanating from asbestos products at the work site." *Id.*, 324 Pa.Superior Ct. at 138, 471 A.2d at 501, quoting *Staiano v. Johns-Manville Corp.*, 304 Pa.Super. 280, 288–9, 450 A.2d 681, 685 (1982). In the instant case, Mr. Price's disability compensation form states unequivocally that he knew that he had asbestosis and that he knew that it was caused by his work with asbestos fibres at the work site.

This Court has previously rejected the argument that a plaintiff must know that he has a legal cause of action before the statute of limitations begins to run. See *Staiano*, 304 Pa.Super. at 287, 450 A.2d at 684; *Anthony v. Koppers*, 284 Pa.Super. 81, 425 A.2d 428, *rev'd on other grounds*, 496 Pa. 119, 436 A.2d 181 (1981). Nevertheless, appellants ask us to reconsider this rule in light of recent holdings in other jurisdictions. After thorough review of those cases cited by appellants, we conclude that there is no clear trend to toll the statute of limitations until a plaintiff determines that he has a legal cause of action against a third party. Indeed, appellants' principal case, *Nolan v. Johns-Manville*, 85 Ill.2d 161, 52 Ill.Dec. 1, 421 N.E.2d 864 (1981), comports with our holding today. In *Nolan*, the Supreme Court of Illinois adopted a definition of the discovery rule which would toll the statute of limitations until

a plaintiff was aware that his injury was "wrongfully" caused. The Court then states:

> We wish to emphasize that the rule we announce is not the same as a rule which states that a cause of action accrues when a person knows or should know of both the injury and the defendant's negligent conduct. Not only is such a standard beyond the comprehension of the ordinary lay person to recognize, but it assumes a conclusion which must properly await legal determination .... Such a rule would allow a person to delay far beyond a reasonable time.

*Id.*, 85 Ill.2d at 170, 52 Ill.Dec. at 5, 421 N.E. at 868 (citation omitted).[3]

■ The discovery rule as defined by *Cathcart* must stand. *Cathcart* imposes a duty of diligent inquiry on the plaintiff since it states that the statute begins to run when the plaintiff reasonably should know that his injury was caused by another party's conduct. The *Cathcart* Court *en banc* did not insert the adjective "wrongful" before "conduct" in its formulation of the discovery test. Tolling the statute of limitations until a plaintiff ascertained that his or her injury was the result of someone's tortious conduct would create an impossible standard of proof and defeat the very purpose of the statute. *See Gravinese v. Johns-Manville*, 324 Pa.Super. 432, 440, 471 A.2d 1233, 1237 (1984).

■ Appellants remaining arguments assert that the lower court erred in granting summary judgment based on the

---

**3.** Appellants have similarly misinterpreted the holdings of *Ballew v. A.H. Robins*, 688 F.2d 1325 (11th Cir.1982) (statute of limitations runs when plaintiff knew of injury and its relation to the cause of injury); *Dawson v. Eli Lilly*, 543 F.Supp. 1330 (D.D.C.1982) (no requirement of knowledge of legal significance of defendant's actions); *Nelson v. A.H. Robins*, 515 F.Supp. 623 (N.D.Cal.1981) (knowledge of facts, not of legal theory). Several cases cited by appellants are too unclear to support appellants' argument. *See Louisville Trust Co. v. Johns-Manville*, Ky., 580 S.W.2d 497 (1979); *Raymond v. Eli Lilly*, 117 N.H. 164, 371 A.2d 170 (1977); *Lopez v. Swyer*, 62 N.J. 267, 300 A.2d 563 (1973). Therefore appellants cite only *Ohler v. Tacoma*, 92 Wash.2d 507, 598 P.2d 1358 (1979) to require that a plaintiff must know of all the essential elements of a cause of action before the statute of limitations will run.

evidence presented. We hold that summary judgment was properly granted.

Appellants assert that the lower court improperly interpreted Mr. Price's 1964 Workman's Compensation form. Nevertheless, contrary to appellants' assertion, the court below simply did not create a per se irrebutable presumption that completion of a workman's compensation form demonstrated that Mr. Price possessed all the elements of knowledge sufficient to start the statute of limitations. Instead, the lower court examined all evidence on file, including the form, before concluding that there was no genuine issue of fact that Mr. Price knew in 1964 of the nature and cause of his injury. Lower court opinion at 3; Pa.R.Civ.P., Rule 1035, 42 Pa.C.S.; *see also Acker v. Palena*, 260 Pa.Super. 214, 393 A.2d 1230 (1978). The quality of Mr. Price's knowledge, in 1964, is distinguished from those cases cited by appellants in which the evidence was equivocal as to the knowledge possessed by the claimants. *See Culp Industrial Insulation v. Workmen's Compensation Appeal Board*, 57 Pa.Commw. 616, 426 A.2d 1263 (1981); *Republic Steel v. Workmen's Compensation Board*, 492 Pa. 1, 421 A.2d 1060 (1980). In the instant case appellants were able to muster only a statement by Mr. Price's former counsel that it was his belief that Mr. Price did not understand the cause of his injury and that no doctor had determined that Mr. Price had asbestosis. This statement, unaccompanied by affidavit, based on personal recollection after sixteen years did not create an issue of material fact sufficient to contradict Mr. Price's compensation form accompanied by a sworn affidavit.

Finally, appellants argue that summary judgment was improperly granted upon a finding of matter of law that Mr. Price knew of his injury in 1964. This argument is disingenuous in light of Mr. Price's clear statement in his workman's compensation form that the disability for which he was seeking compensation resulted from his employment in an occupation having an "asbestosis" hazard. Further, he stated, "I have had continued physical problems since

August of 1963, and it has only been recently discovered that I had asbestos."

The Order is affirmed.