493 A.2d 120

Albert WHEELER, Appellant,

v.

JOHNS–MANVILLE CORPORATION, Johns-Manville Sales Corporation, Raybestos Manhattan, Inc., Forty Eight Insulation, Inc., Nicolet Industries, Inc., Pittsburgh Corning Corp., GAF Corporation, Armstrong Cork Company, Unarco Industries, Inc., H.K. Porter Co., Inc., Southern Asbestos Company, Eagle Picher Industries, Inc., Delaware Asbestos & Rubber Company, Fibreboard Corporation, Pabco, Industrial Products Division, Keene Corporation, Glen Alden, Inc., Rapid American, Inc., Turner Newall, Ltd., Keasbey-Mattison Company, Certain-Teed Products Corporation, U.S. Rubber Co., Inc., Pacor, Inc., Philip Carey Manufacturing Co., Amatex Corporation, Asbestos Testile Institute, Inc., Uni-Royal, Inc., Southern Asbestos Company, H.K. Porter Co., Inc., U.S. Rubber Co., Inc., Carolina Asbestos Company, Unarco, Inc., J. Franklin Burke Co., General Asbestos Co., Asbestos Testile Co., Thermoid Company, Asten Hill Manufacturing Co., Ruberoid Company, Inc., Amatex Corporation, Pacor, Inc., Appellees.

Superior Court of Pennsylvania.

Submitted Oct. 30, 1984.

Decided May 17, 1985.

474

Martin Greitzer, Philadelphia, for appellant.

Charles W. Craven, Philadelphia, for Johns-Manville, appellee.

Arthur Makadon, Philadelphia, for Raybestos, appellee.

Joseph H. Foster, Philadelphia, for Forty Eight, appellee.

Walter Meeley, Philadelphia, for Nicolet, appellee.

Edward J. David, Philadelphia, for Pittsburgh Corning, appellee.

Edward Greer, Philadelphia, for GAF, appellee.

Thomas J. Ingersoll, Philadelphia, for Armstrong, appellee.

Dudley Hughes, Philadelphia, for Unarco, appellee.

Barbara A. Pennell, Philadelphia, for Eagle, appellee.

George S. Donze, Philadelphia, for Fibreboard, appellee.

Perry S. Bechtle, Philadelphia, for Keene, appellee.

George D. Bruch, Jr., Philadelphia, for Pacor, appellee.

Andrew J. Trevelise, West Chester, for Philip, appellee.

Francis E. Shields, Philadelphia, for Amatex, appellee.

Alfred W. Putnam, Philadelphia, for Uni-Royal, appellee.

Walter S. Jenkins, Philadelphia, for Thermoid, appellee.

J. McKissock, Philadelphia, for Asten, appellee.

Before BECK, HESTER and ROBERTS, JJ.

BECK, Judge:

This is an asbestosis case. Plaintiff Albert Wheeler brought suit against the customary panoply of defendants, alleging that he contracted asbestosis as a result of being exposed to asbestos dust while working with and around defendants' products at the Philadelphia Naval Shipyard. The trial court granted summary judgment to defendants-

appellees on the ground that the statute of limitations had run. Plaintiff appealed.

On appeal, Wheeler contends that the court erred in finding there was no genuine issue of material fact on the controlling question of when he acquired sufficient knowledge of his injury to start the running of the two-year statute of limitations. He further argues that the three-part test first stated in *Volpe v. Johns-Manville Corp.*, 4 Phila. County Reporter 290 (1980), is not the correct test for determining when the statute begins to run, that the court improperly considered unsworn exhibits as part of the record on summary judgment, and that the court erred in failing to find that appellant was the victim of a continuing tort. For the reasons stated below we reverse and remand for trial.

We shall address first the question of the test to be applied in determining when the limitations period begins to run. At the time the instant appeal was taken, the controlling statement on the issue was found in *Volpe v. Johns-Manville Corp.*, 4 Phila. County Reporter 290 (1980). The Philadelphia court of common pleas therein held that the statute begins to run when the plaintiff knows or reasonably should know: (1) the injury, (2) the operative cause of the injury, and (3) the causative relationship between the injury and the operative conduct.

Appellant argues that a better formulation of the test was stated in *Nolan v. Johns-Manville Asbestos*, 85 Ill.2d 161, 169–71, 52 Ill.Dec. 1, 5, 421 N.E.2d 864, 868 (1981), where the Illinois Supreme Court held that an asbestos plaintiff's "cause of action accrues when the plaintiff knows or reasonably should know of an injury and also knows or reasonably should know that the injury was caused by the wrongful act of another."

■ *Volpe* was affirmed by this court en banc. *Volpe v. Johns-Manville Corp.*, 323 Pa.Super. 130, 470 A.2d 164 (1983). One month later, though, this court rendered another en banc decision, *Cathcart v. Keene Industrial Insula-*

*tion,* 324 Pa.Super. 123, 471 A.2d 493 (1984), in which we held that the *Volpe* test was too complex and adopted instead a two-part test modeled on *Nolan.* Because of the close proximity of these two conflicting decisions, there has ensued some disagreement as to which is controlling. *See Berardi v. Johns-Manville Corp.,* 334 Pa.Super. 36, 482 A.2d 1067 (1984) (majority favors *Volpe* formulation; dissenting opinion argues that *Cathcart* is controlling). We believe that *Cathcart* should be followed because it is the most recent holding of the court en banc and *Berardi,* as a panel decision, cannot overrule the court en banc. *See also Price v. Johns-Manville Corp.,* 336 Pa.Super. 133, 485 A.2d 466 (1984) (applying *Cathcart* ). However, our decision to reverse would be the same whichever test is applied.

The instant action was commenced on September 5, 1978. In granting appellees' motion for summary judgment, the trial court found that the record established that appellant knew he had contracted asbestosis as a result of expos"re at the Philadelphia Naval Shipyard no later than August 8, 1974, more than two years prior to commencing suit. The court based its decision on certain medical records which were attached as exhibits to the motion for summary judgment, a workers' compensation claim form, likewise attached as an exhibit, and appellant's deposition testimony.

■ Appellant attacks the trial court's reliance on unsworn exhibits, arguing they are not properly part of the record on summary judgment. We agree. Under Pa.R.C.P. 1035, the record on summary judgment includes "the pleadings and any depositions, answers to interrogatories, admissions on file and supporting affidavits." In *Irrera v. SEP-TA,* 231 Pa.Super. 508, 331 A.2d 705 (1974), we held that such unsworn exhibits and documents not complying with Rule 1035 may not be considered part of the record on summary judgment. Similar exhibits and medical records were recently admitted in *Berardi* and in *Staiano v. Johns-Manville Corp.,* 304 Pa.Super. 280, 450 A.2d 681 (1982), but only because in both cases the plaintiff failed to raise in the lower court any objection to the consideration of the doc-

uments. In the instant case, appellant objected strongly in his opposition to appellees' motion for summary judgment to the inclusion of the unsworn documents in the record. *See* Plaintiff's Answer to Motion for Summary Judgment at ¶ 4–11; Plaintiff's Memorandum of Law in Opposition to Motion for Summary Judgment at 2–3.

Appellees argue that the documents should be admitted although unsworn because they nevertheless meet three "criteria" supposedly stated in *Irrera* (See Appellees' Brief at 6). This argument is based on a misreading of *Irrera*. The "criteria" cited by appellees are part of a quotation in *Irrera* of Pa.R.C.P. 1035(d), which does not create an exception to the rule that unsworn documents may not be considered. Rule 1035(d) simply specifies requirements which an *affidavit* must meet to be considered on summary judgment. The rule still clearly requires that the documents in fact be affidavits. The medical records and other documents at issue here are not affidavits. Therefore, the court erred in considering these documents in ruling on appellees' motion for summary judgment.

However, our inquiry may not stop here, because the court also based its decision on appellant's deposition testimony. In his deposition, appellant was questioned extensively about statements he admitted making in his own handwriting on a workers' compensation claim form. He admitted he had written August 8, 1974 in two places on the form, as (1) the date he first became aware of his illness (asbestosis) and (2) the date he first realized the illness was caused or aggravated by his employment. Appellant attempted to explain that he did not actually know he had asbestosis on August 8, 1974 and wrote that date on the claim form only because his doctor told him to. In the course of this discussion, the following colloquy ensued:

Q. Okay. What were you told by the doctor?

A. On August the 8th?

Q. On October 27th, '76.

A. That I had asbestosis.

Q. And as to this date, August 8th, 1974, is that the same conversation you had with Dr. Duca?

A. Yes.

Deposition of Albert Wheeler at 104–05.

 The trial court interpreted this as an admission by appellant that he knew he had asbestosis on August 8, 1974. We disagree. When considering a motion for summary judgment, the court is to examine the record in the light most favorable to the nonmoving party and resolve all doubts and ambiguities in favor of the nonmoving party. *Thompson Coal Co. v. Pike Coal Co.,* 488 Pa. 198, 412 A.2d 466 (1980); *Weiss v. Keystone Mack Sales,* 310 Pa.Super. 425, 456 A.2d 1009 (1983); *Ritmanich v. Jonnel Enterprises, Inc.,* 219 Pa.Super. 198, 280 A.2d 570 (1971). So viewed, it is clear that appellant made no admission regarding his knowledge in August 1974. Counsel's question, "What were you told by the doctor?" was clarified with the phrase "On October 27th, '76" before appellant answered "That I had asbestosis." Therefore, the only reasonable meaning of "the same conversation" in the next question is the October 27, 1976 conversation referred to in the first question. Appellant did not admit that he knew he had asbestosis on August 8, 1974. Rather, he stated clearly that he was told he had asbestosis on October 27, 1976, and in "the same conversation" the doctor told him to put the earlier date on the claim form.

Furthermore, the above statements of appellant must also be read in conjunction with the remainder of his deposition testimony. Elsewhere in the deposition, appellant maintained unequivocally that he was not told he had asbestosis until October 1976, which is less than two years before the action was commenced. *See* Deposition of Albert Wheeler at 44–45, 47–48.

 Whether this testimony is credible is not the issue. On a summary judgment motion, the court's function is not to try disputed issues of fact but simply to determine whether any genuine issues of material fact exist. *Taylor*

480

*v. Tukanowicz,* 290 Pa.Super. 581, 435 A.2d 181 (1981); *Tom Morello Construction Co. v. Bridgeport Federal Savings & Loan Assn.,* 280 Pa.Super. 329, 421 A.2d 747 (1980). We hold that the court erred in granting summary judgment on this record because there is a genuine issue of fact as to when appellant had sufficient knowledge of his injury and its cause (under either the *Volpe* or the *Cathcart* formulation) to start the running of the limitations period.[1] Accordingly, we need not address appellant's claims regarding the application of the doctrine of continuing tort.

Order reversed and case remanded for trial. Jurisdiction is relinquished.

---

1. We further note that the question whether appellant *should have known* of his injuries at some earlier date through the exercise of reasonable diligence was not raised below by the parties and is not before us.