507 A.2d 1253

Dorothy L. CHANDLER, Admx. Estate of Davis King, Dec'd and Queen King, Widow in Her own Right

v.

JOHNS–MANVILLE CORPORATION, Johns-Manville Sales Corporation, Raymark Industries, Inc., Forty-Eight Insulation, Nicolet Industries, Pittsburgh Corning Corporation, GAF Corporation, Armstrong Cork Company, Unarco Industries, H.K. Porter Co., Eagle-Picher Industries, Inc., Southern Asbestos Company, Delaware Asbestos and Rubber Co., Fibreboard Corporation, Pabco, Keene Corporation, Glen Alden, Rapid American, Turner Newall Ltd., Keaseey Matison Company, Certain-Teed Products Corp., U.S. Rubber Company, Pacor, Celotex Corporation, Philip Carey Manufacturing Co., Amatex Corporation, Owens-Corning Fiberglas, Asbestos Textile Institute, Uni-Royal, Carolina Asbestos, General Asbestos, Asbestos Textile Company, Thermoid Company, Asten-Hill Manufacturing Co., Rubberoid Company, Appellees.

Appeal of Dorothy L. CHANDLER, Admx. of the Estate of Davis King, Dec'd., Appellant.

Superior Court of Pennsylvania.

Argued Dec. 17, 1985.

Filed April 22, 1986.

Joseph D. Shein, Philadelphia, for appellant.

I. Steven Levy, Philadelphia, for appellees.

Before CAVANAUGH, WICKERSHAM and HOFFMAN, JJ.

CAVANAUGH, Judge:

In this case, Davis King and his wife, Queen King, filed a Complaint in assumpsit and trespass in September, 1978, alleging injuries to the husband-plaintiff as a result of exposure to products manufactured by the defendants below while he was employed at the Philadelphia Navy Yard. Mr. King worked at the Navy Yard from 1946 to 1976.[1] The defendants, who are the appellees herein, filed motions for summary judgment based on the theory that the action was barred by the statute of limitations. The court below granted the motion and summary judgment was entered as to all defendants. An appeal was taken to this court by the plaintiffs below.

Pa.R.C.P. 1035(b) provides that summary judgment may be entered: "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In considering a motion for summary judgment the court must view the evidence in the light most favorable to the non-moving party and enter judgment only if the case is clear and free from doubt. *Berardi v. Johns-Manville Corp.*, 334 Pa.Super. 36, 482 A.2d 1067 (1984); *Acker v. Palena*, 260 Pa.Super. 214, 393 A.2d 1230 (1978).

Applying these rules, we must determine if the court below erred in deciding as a matter of law that the appellants' claim was barred by the statute of limitations. The applicable statute of limitations in effect at the time that the cause of action arose was set forth in the Act of June 24, 1895, P.L. 236 § 2, 12 P.S. § 34, repealed by Judiciary Act Repealer Act, Act of April 25, 1978, P.L. 202, eff. June

---

1. The husband plaintiff, Davis King, died before taking the instant appeal and Dorothy L. Chandler, Administratrix of the Estate of Davis King has been substituted as a party.

27, 1978, currently codified at 42 Pa.C.S.A. § 5524(2), which provides that "The following actions and proceedings must be commenced within two years: (2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another."

The appellant alleges in his complaint that he suffered from asbestosis as a result of contact with materials manufactured by the various defendants. The disease of asbestosis has been referred to as a "creeping disease". See *Staiano v. Johns-Manville Corp.*, 304 Pa.Super. 280, 450 A.2d 681 (1982). Our court sitting en banc in *Cathcart v. Keene Industrial Insulation*, 324 Pa.Super. 123, 471 A.2d 493 (1984) established the rule for determining when the statute of limitations commences running in such cases and stated at 324 Pa.Super. 136–7, 471 A.2d 500:

> We find that the statute of limitations begins to run in "creeping disease" cases when the plaintiff knows, or reasonably should know: (1) that he has been injured[10], and (2) that his injury has been caused by another party's conduct.

*Cathcart* modified the more complex test set forth in *Volpe v. Johns-Manville Corp.*, 323 Pa.Super. 130, 470 A.2d 164 (1983) which required that before the statute of limitations commenced running that there must be (1) knowledge of the injury; (2) knowledge of the operative cause of the injury and (3) knowledge of the causal relationship between the injury and the operative conduct. While in *Berardi v. Johns-Manville Corp.*, 334 Pa.Super. 36, 482 A.2d 1067 (1984) a majority of the panel affirmed the *Volpe* tri-partite test, we agree with Judge Beck's statement in *Wheeler v. Johns-Manville Corp.*, 342 Pa.Super. 473, 477, 493 A.2d 120, 122 (1985):

> We believe that *Cathcart* should be followed because it is the most recent holding of the court en banc and *Berardi*, as a panel decision, cannot overrule the court en banc.

Judge Olszewski in his concurring opinion in *Berardi, supra,* stated that he would apply the less complicated two part test of *Cathcart, supra.* The recent cases of *Price v. Johns-Manville,* 336 Pa.Super. 133, 485 A.2d 466 (1984) and *Pastierik v. Duquesne Light Co.,* 341 Pa.Super. 329, 491 A.2d 841 (1985) followed the rule in the *Cathcart* case. See also, *McGowan v. University of Scranton,* 759 F.2d 287 (CA 3, 1985) *Kelly v. Johns-Manville Corp.,* 590 F.Supp. 1089 (E.D.Pa.1984).

The appellant raises two issues on appeal, contending that the court below erred (1) in determining as a matter of law that the appellant knew he was injured and that the injury was tortiously caused by the defendants, and (2) in holding that signing a workman's compensation claim conclusively commenced the running of the statute of limitations.[2] With respect to the first issue the appellant argues that under *Cathcart v. Johns-Manville, supra,* a complaint must be filed "within two years of the date on which plaintiff knows he has been injured and *that the injury is the result of someone's wrongful conduct.*" (Emphasis added). (Appellant's brief page 8.) This does not represent a correct reading of *Cathcart.* We interpreted the rule of *Cathcart* in *Price v. Johns-Manville Corp.,* 336 Pa.Super. 133, 138–139, 485 A.2d 466, 468, 469, wherein this court speaking through Olszewski, J. stated:

> The test defined in *Cathcart* requires only that a plaintiff reasonably should know "that his injury has been caused by another party's conduct."

. . . . .

**2.** The statement of questions involved presented by the appellant were:

1. Did the Lower Court err when it determined that plaintiff knew enough to start the statute of limitations absent evidence of knowledge that he was injured and that his injury was tortiously caused? (Answered in the negative below).

2. Have panels of this Court and the Lower Court erred in holding that completion of a workmen's compensation form conclusively commences the running of the statute of limitations? (Impliedly answered in the negative below).

The discovery rule as defined by *Cathcart* must stand. *Cathcart* imposes a duty of diligent inquiry on the plaintiff since it states that the statute begins to run when the plaintiff reasonably should know that his injury was caused by another party's conduct. *The Cathcart Court en banc did not insert the adjective "wrongful" before "conduct" in its formulation of the discovery test. Tolling the statute of limitations until a plaintiff ascertained that his or her injury was the result of someone's tortious conduct would create an impossible standard of proof and defeat the very purpose of the statute. See Gravinese v. Johns-Manville,* 324 Pa.Super. 432, 436, 471 A.2d 1233, 1237 (1984). (Emphasis added.)

■ The court below was not required to find that the appellant knew or should have known that his injuries were due to the wrongful conduct of the appellees as long as he knew, or should have known that he had been injured and that his injury was caused by someone else's conduct.

Concerning the second issue raised, the court below concluded that there was no genuine issue as to the fact that the appellant knew or should have known that he had asbestosis more than two years before the filing of the complaint in September, 1978. The deposition of Mr. King submitted under Pa.R.C.P. 1035(a) in connection with the motion for summary judgment included the following testimony by the deponent:

Q. Mr. King, I would like to show you a record that came with the records we received, it's Federal Employees Notice of Traumatic Injury and Claim for Continuation of Pay/Compensation. I would like you to look at this.

Q. Have you looked it over?

A. Yes.

Q. Did you ever see that form before?

A. Yes, that's the one I got at the hospital.

Q. And is that your signature on the form?

A. Yes.

Q. Did you fill this form out?

A. No, the doctor probably filled it out. I only signed it.

Q. Whose handwriting is this in block 14 up at the top, is that your handwriting?

A. Yeah.

Q. The doctor filled that out?

A. Yes.

Q. Do you recall him doing it?

A. Yeah, I was sitting right there when he was doing it.

Q. This is when he told you that you had a lung problem related to your asbestos exposure?

A. Yeah.

Q. Did he then give it to you to sign?

A. Yeah.

Q. Did you read it before you signed it?

A. Yes.

Q. Did you understand what it said?

A. Yeah.

The federal claim for workmen's compensation referred to above was signed and apparently filed by Mr. King on July 14, 1976. On the workmen's compensation claim form Mr. King stated that he worked at the Naval Base in Philadelphia, Pennsylvania. In the space marked "cause of injury" he answered "working around asbestos for the past 30 years." In the block printed "Nature of Illness" he answered "asbestosis". On the form Mr. King also stated that he was injured at the Philadelphia Navy Yard. He also stated that he "was told by chest specialists ... today that I had asbestos in my lungs."

■ The court concluded from the above that the statute of limitations commenced running no later than the date of July 14, 1976, the date on which the workmen's compensation claim form was signed. On that date the appellant knew that he had asbestosis which was caused by his working around asbestos at the Navy Yard for some 30 years. His doctors had told him that his asbestosis or lung

problem was related to the asbestos exposure. To extend the commencement of the statute of limitations to a date later than signing his claim for compensation would be unrealistic in the extreme. The purpose of a statute of limitations is to expedite litigation and discourage delay and the presentation of stale claims which may result in considerable prejudice to the defendant. *Harmer v. Hulsey*, 321 Pa.Super. 11, 467 A.2d 867 (1983). In the circumstances of this case, the signing of the workmen's compensation claim focused on a date by which all of the elements of requisite knowledge came together so that the court could justifiably determine that the appellant had two years from that date in which to file his complaint.

The execution of the claim form on July 14, 1976, coupled with the appellant's testimony on deposition conclusively established that by July 14, 1976, the appellant knew or should have known that he was injured and that the injury had been caused by someone else's conduct. As suit was commenced more than two years after July 14, 1976, it was barred by the statute of limitations. There are other factors in a creeping disease case which may establish the requisite knowledge called for in *Cathcart* to commence the running of the statute of limitations other than the filing of a workmen's compensation claim, but where an injured person signs such a claim and acknowledges that he has asbestosis and that it was caused by working around asbestos, then he conclusively demonstrates that he has the requisite knowledge. A contrary conclusion would make the statute of limitations meaningless in a creeping disease situation.

The appellant contends that under *Republic Steel Corp. v. Workmen's Compensation Appeal Board*, 492 Pa. 1, 421 A.2d 1060 (1980) the fact finder must determine whether the statute of limitations has run. This contention is without merit. *Republic Steel Corp. v. Workmen's Compensation Appeal Board, supra*, held that the standard of review of agency proceedings by an appellate court is to determine whether there is substantial evidence to support the find-

ings of the agency. The Supreme Court concluded that there was substantial evidence supporting the finding of fact of the Workmen's Compensation Appeal Board that an injured worker was not fully aware of the seriousness of his condition and that he was totally disabled from pneumoconiosis until some time after he had filed earlier claims for federal black lung benefits. The Commonwealth Court reversed the decision of the Board and the Supreme Court reversed the Commonwealth Court as the referee's and board's findings of fact were supported by substantial evidence and were not arbitrary or capricious. The Supreme Court did not address the issue of whether a court may determine that an action is barred by the statute of limitations as a matter of law in a motion for summary judgment. Indeed here the trial court, unlike the referee in *Republic Steel,* concluded that there was no genuine issue as to any material fact and therefore concluded that the appellant at least reasonably must have known that he had an injury caused by another's conduct.

The appellant's reliance on *Petri v. Smith,* 307 Pa.Super. 261, 453 A.2d 342 (1982) is also misplaced. *Petri* held that the court below, in the circumstances of that case, erred in determining as a matter of law that the appellant's failure to obtain knowledge concerning her son's injury was unreasonable. It does not stand for the proposition that the applicability of the statute of limitations can only be determined by a fact finder. Indeed, in *DeMartino v. Albert Einstein Medical Center, Northern Division,* 313 Pa.Super. 492, 460 A.2d 295 (1983) this court, in an opinion citing *Petri v. Smith, supra,* affirmed the decision of the court below granting summary judgment in a medical malpractice action on the basis that the action was barred by the statute of limitations. "Whether the statute of limitations has run on a claim is usually a question of law for the judge; however at times, a factual determination by the jury may be required." *Cathcart v. Keene Industrial Insulation,* 324 Pa.Super. at 140, 471 A.2d at 502. See also *Boyle v.*

*State Farm Mutual Automobile Insurance Co.*, 310 Pa.Super. 10, 456 A.2d 156 (1983).

The court below properly determined as a matter of law that the appellant had the requisite knowledge to commence the running of the statute of limitations no later than July 14, 1976 and the entry of summary judgment was appropriate.

Order affirmed.