551 A.2d 291

**Philip J. ACKLER and Mary Ackler, h/w, Appellants,**

v.

**RAYMARK INDUSTRIES, INC., Owens-Corning Fiberglas Corp., Celotex Corporation, Eagle-Picher Industries, Inc., Keene Corporation, Nicolet, Inc., Pittsburgh Corning Corporation, Armstrong World Industries, Inc., GAF Corporation, Fibreboard Corporation, Southern Textile Corp., H.K. Porter Co., Inc., Forty-Eight Insulation, Inc., Pacor, Inc., Brand Insulations, Inc., Universal Insulation Company, Delaware Insulation Company, and A.C. & S., Inc., Appellees.**

Superior Court of Pennsylvania.

Argued Aug. 31, 1988.

Filed Dec. 9, 1988.

184

James R. Kahn, Philadelphia, for appellants.

Thomas C. Gallegher, Philadelphia, for Raymark, appellees.

Daniel S. Altschuler, Philadelphia, for Brand Insulations, appellee.

Before CAVANAUGH, BROSKY and MONTEMURO, JJ.

CAVANAUGH, Judge:

The issue in this case is whether an employee knew, or should have known that he had an injury and that the injury was caused by another party's conduct, when he filed an "Employee's Claim Petition" under oath or affirmation alleging that he had asbestosis. The petition was filed by his lawyer with the Workmen's Compensation Board of New Jersey and stated that from May, 1980 through November 7, 1980 the appellant, Philip J. Ackler, was employed by Brand Industries and worked at the Atlantic Refinery in Philadelphia. The petition further alleged that he was suffering with asbestosis and had scarring of the lungs and that this was caused by the petitioner (appellant) removing and repairing insulation material. His occupation was set forth as an "insulation asbestos worker." The petition set forth the name of his physician.

The petition was sworn to by Mr. Ackler on August 19, 1981 and filed with the Workmen's Compensation Board on August 21, 1981. The complaint in the court below was filed on December 21, 1983. The defendants below, which are the appellees herein, filed motions for summary judgment which were granted as to all defendants except those currently engaged in Chapter 11 bankruptcy proceedings.

Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories and admission on file, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Williams v. Pilgrim Life Insurance Co.*, 306 Pa.Super. 170, 452 A.2d 269 (1982); *Gabovitz v. State Auto Insurance Association*, 362 Pa.Super. 17, 523 A.2d 403 (1987); *Hedlund Manufacturing Co. v. Weiser, Stapler & Spivak*, 517 Pa. 522, 539 A.2d 357 (1988); *French v. United Parcel Service*, 377 Pa.Super. 366, 547 A.2d 411 (1988); *Hower v. Whitmak Associates*, 371 Pa.Super. 443, 538 A.2d 524 (1988); Pa.R.C.P. 1035(b). Summary judgment may be entered only in cases that are clear and free from doubt. *Dunn v. Teti*, 280 Pa.Super. 399, 421 A.2d 782 (1980); *Tom Morello Construction Co. v. Bridgeport Federal Savings & Loan Association*, 280 Pa.Super. 329, 421 A.2d 747 (1980); *Weiss v. Keystone Mack Sales, Inc.*, 310 Pa.Super. 425, 456 A.2d 1009 (1983). In addition, we must examine the record in the light most favorable to the non-moving party and accept as true all well pleaded facts in the non-moving party's pleadings, and give the non-mover the benefit of all reasonable inferences to be drawn therefrom. *Ferguson v. King*, 362 Pa.Super. 543, 524 A.2d 1372 (1987); *Metal Bank of America, Inc. v. Insurance Company of North America, Inc.*, 360 Pa.Super. 350, 520 A.2d 493 (1987).

A trial court's grant of summary judgment will be overturned only if there has been an error of law or clear abuse of discretion. *Jones v. Keystone Insurance Co.*, 364 Pa.Super. 318, 528 A.2d 177 (1987). We discern neither an error

of law nor abuse of discretion, and accordingly we affirm the summary judgments entered by the court below.

In the instant case, the appellant, Philip J. Ackler, signed and took an affidavit to a petition on August 19, 1981 alleging in detail the nature of his illness as asbestosis, which resulted in scarring of his lungs, the dates on which his injury occurred, the location, the nature of his occupation, and what he was doing that caused his asbestosis. The petition was filed with the Workmen's Compensation Board in New Jersey and as a result of filing the petition, the appellant's claim was heard before a referee in the summer of 1983, and he was awarded $2,500.00 against his employer, Brand Insulation.

The court below entered summary judgment on the grounds that the present action was not brought within the two-year period as required by the statute of limitations. The two-year statute of limitations in claims for asbestosis, a creeping disease, commences running when "the plaintiff knows, or reasonably should know: (1) that he has been injured, and (2) that his injury has been caused by another party's conduct." *Cathcart v. Keene Industrial Insulation,* 324 Pa.Super. 123, 136–137, 471 A.2d 493, 500 (1984). The appellant's action in the Court of Common Pleas was not commenced until December 21, 1983. If Mr. Ackler knew, or should have known, on August 19, 1981 that he suffered from asbestosis, then his claim is barred by the statute of limitations, as the court below determined.

Several cases in this Court have considered the significance of filing a claim for workmen's compensation in determining when the plaintiff knew or should have known that he had asbestosis. In *Price v. Johns–Manville,* 336 Pa.Super. 133, 485 A.2d 466 (1984) a plaintiff filed a workmen's compensation claim in which he alleged that he had asbestosis and that it was caused by his work with asbestos at the work site. More than two years after the filing of the workmen's compensation claim, he commenced an action in the Court of Common Pleas in trespass, alleging personal injuries due to his exposure to asbestos. The court exam-

ined all of the evidence on file, including the workmen's compensation form, and concluded that there was no genuine issue of fact, notwithstanding that the appellant's counsel expressed his belief that the plaintiff did not understand the cause of his injury and no doctor had determined that the plaintiff had asbestosis when he filed his workmen's compensation claim in 1964.

In *Chandler v. Johns-Manville Corp.*, 352 Pa.Super. 326, 507 A.2d 1253 (1986) the plaintiff signed a claim for workmen's compensation on July 14, 1976 and did not file his complaint in trespass and assumpsit until September, 1978. The court below granted summary judgment in favor of the defendants and we affirmed. The plaintiff's physician filled out his form and the plaintiff read the form and signed it. We held that the statute of limitations commenced running no later than July 14, 1976, the date on which the workmen's compensation claim form was signed, stating at 352 Pa.Super. 333, 507 A.2d 1257:

> *To extend the commencement of the statute of limitations to a date later than signing his claim for compensation would be unrealistic in the extreme.* The purpose of a statute of limitations is to expedite litigation and discourage delay and the presentation of stale claims which may result in considerable prejudice to the defendant. *Harmer v. Hulsey*, 321 Pa.Super. 11, 467 A.2d 867 (1983). In the circumstances of this case, the signing of the workmen's compensation claim focused on a date by which all of the elements of requisite knowledge came together so that the court could justifiably determine that the appellant had two years from that date in which to file his complaint.

The execution of the claim form on July 14, 1976, coupled with the appellant's testimony on deposition conclusively established that by July 14, 1976, the appellant knew or should have known that he was injured and that the injury had been caused by someone else's conduct. As suit was commenced more than two years after July 14, 1976, it was barred by the statute of limitations.

There are other factors in a creeping disease case which may establish the requisite knowledge called for in *Cathcart* to commence the running of the statute of limitations other than the filing of a workmen's compensation claim, but *where an injured person signs such a claim and acknowledges that he has asbestosis and that it was caused by working around asbestos, then he conclusively demonstrates that he has the requisite knowledge. A contrary conclusion would make the statute of limitations meaningless in a creeping disease situation.* (Emphasis added.)

The appellant contends that there is an issue of fact in this case as he testified on deposition that he did not know he was suffering from an asbestos injury until after December 22, 1981, when he was examined by a Dr. Theodos. Since his complaint was filed on December 21, 1983, he argues, it was not barred by the two-year statute of limitations. The flaw in this argument is that it is not credible that the appellant did not know or have reason to know that he suffered from the creeping disease of asbestosis on August 19, 1981 when he signed a detailed petition in which he swore or affirmed that he had asbestosis and scarring of his lungs. Moreover, it is not necessary that the exact nature of his injury be known so long as it objectively appears that he is reasonably charged with the knowledge that he has an injury caused by another. In *Lucera v. Johns–Manville Corp.*, 354 Pa.Super. 520, 512 A.2d 661 (1986) the court below entered summary judgment in favor of the defendants in an asbestos case even though the plaintiff's affidavit raised issues of fact as to when he discovered that his asbestosis was caused by the conduct of another party. We stated at 354 Pa.Super. 532, 512 A.2d 667 (1986):

Concerning this affidavit, the lower court wrote: *"The affidavit ... strains the chords of credibility, as it appears to totally contradict his testimony at the non-jury trial." The lower court did not abuse its discretion in granting a motion for summary judgment even*

*though it disregarded the appellant's affidavit because it was not wholly credible.* In *Taylor v. Tukanowicz,* 290 Pa.Super. 581, 435 A.2d 181 (1981), this court wrote, "This is not to say that there are not instances where summary judgment may be ordered in malpractice actions based upon a statute of limitations defense. Entry of summary judgment is proper where ... the evidence relied upon by the plaintiff is inherently incredible....: (Citation omitted.) While *Taylor* was a malpractice suit, we do not see any reason why this principle should not apply to a "creeping disease" case. (Emphasis added.)

As the Supreme Court stated in *Smith v. Bell Telephone Co. of Penna.,* 397 Pa. 134, 138, 153 A.2d 477, 480 (1959): "The judge cannot say as a matter of law which are facts and which are not unless they are admitted *or the evidence is inherently incredible.* (Emphasis added.) *See also, Taylor v. Tukanowicz,* 290 Pa.Super. 581, 435 A.2d 181 (1981). The court below, in entering summary judgment, found that the plaintiff's testimony was inherently incredible and we agree. The plaintiff testified on deposition that he went to see his lawyer solely to obtain disability benefits "because of arthritis and the gout". His arthritis was across the lower back and right hip, and gout bothered him in the "first digit of the left toe and into his instep." He further testified that he was told he had asbestosis in December, 1983 by Dr. Morowitz.[1] The appellant testified that he thought the petition for disability was solely for gout and arthritis. When shown the petition on deposition, which he admittedly signed, and which stated that "petitioner is suffering from asbestosis and has scarring of the

---

**1.** Appellant was examined by Dr. Morowitz as well as Dr. Theodos. Appellant testified concerning his visit with Dr. Morowitz as follows:

Q. Do you recall when you saw Doctor Morowitz?
A. Yes. *1983.* I do believe it was in *December.*
Q. And, what did Doctor Morowitz do for you?
A. I don't believe he did anything for me.
Q. He just examined you and told you you had asbestosis?
A. *Gave me an examination and told me that I had 40 percent disability due to asbestosis. He also told me that I had pleural thickening and calcification and advised me to have x-rays....*
(Emphasis added.)

lungs", he stated that the first page was not shown to him. He further testified that he thought the petition was not filled in, but he wasn't sure. He could not recall if he read page two of the petition before he signed it and wasn't sure if he signed the petition before a notary public.

Eugene P. Chell, Esquire, who was the appellant's counsel in connection with the New Jersey workmen's compensation proceedings, submitted an affidavit in support of the appellant's opposition to the motion for summary judgment. The affidavit stated that Mr. Chell had no medical reports to indicate that Mr. Ackler had asbestosis and prepared the petition on the basis of Mr. Ackler having a long history of exposure to asbestos. He also alleged that he had no indication that Mr. Ackler knew or had reason to know he had asbestosis prior to April of 1983.

On the basis of Mr. Chell's affidavit, one could argue the propriety of the petition filed with the New Jersey workmen's compensation board, since he "had no indication that Mr. Ackler had any asbestos-related disease until after April of 1983". Nevertheless, on August 19, 1981, almost two years before that date, he prepared a petition which Mr. Ackler signed under oath alleging that Mr. Ackler suffered from asbestosis and had scarring of the lungs. Mr. Chell's affidavit states nothing about the circumstances existing when Mr. Ackler signed it or as to whether it was blank or completed, or read by Mr. Ackler, or explained to him. However, the petition speaks for itself. It is so detailed that it is not credible that Mr. Chell composed it without any input from Mr. Ackler. The court below properly found that the petition for workmen's compensation meant exactly what it said.

 The appellant is bound by what he signed before a notary public, whether he read it or not. Failure to read a contract is an unavailing excuse or defense and cannot justify an avoidance, modification or nullification of the contract in the absence of fraud. *Standard Venetian Blind Co. v. American Empire Insurance Co.*, 503 Pa. 300, 469 A.2d 563 (1983); *Tose v. First Pennsylvania Bank,*

648 F.2d 879 (3d Cir.1981). Although the petition was not a contract, the appellant is bound by its contents. A signing and acknowledgement of a petition for workmen's compensation is to be taken seriously. It sets forth facts which form the basis for the award of compensation. The New Jersey Workmen's Compensation Act requires at N.J. Statutes, Title 34:15–51:

> The petition shall state the respective addresses of the petitioner and of the defendant, the facts relating to employment at the time of injury, the injury in its extent and character, the amount of wages received at the time of injury, the knowledge of the employer or notice of the occurrence of the accident, and such other facts as may be necessary and proper for the information of the division and shall state the matter or matters in dispute and the contention of the petitioner with reference thereto. The petition shall be verified by the oath or affirmation of the petitioner. (Emphasis added.)

The Pennsylvania Rules of Civil Procedure, while not applicable to New Jersey petitions, also give insight into the significance of an affidavit. Pa.R.C.P. 1024 requires pleadings containing averments of fact not appearing of record to be verified on oath or affirmation. Pa.R.C.P. 206 requires every petition and answer containing an allegation of fact which does not appear of record to be verified. The verification must be by affidavit. Standard Pennsylvania Practice § 16:13. The Pennsylvania Workmen's Compensation Act indicates that the signature and affidavit are significant acts and states that affidavits are to be provided by the referee or director of workmen's compensation and specified other individuals, without charge. 77 Pa.S. § 171. An affidavit is a formal written or printed voluntary *ex parte* statement sworn or affirmed to before an official authorized to take oaths. *Zaydon v. Abdo*, 95 P.L.J. 417, 43 Sch.L.R. 127 (1947). Generally, affidavits must be executed by one who possesses personal knowledge of the facts

alleged in the petition. *In re Falone,* 464 Pa. 42, 346 A.2d 9 (1975).

The appellant was willing to stand by the petition for workmen's compensation benefits when it was to his advantage. The entire thrust of the workmen's compensation proceedings which terminated in the appellant's favor, was based on the proposition that the appellant suffered from asbestosis. There is not a scintilla of evidence that the claim was adjudicated on the basis of arthritis or gout. Attorney Chell's affidavit clearly established that he intended to base his claim on an asbestos-related injury. He stated that he "thought it expeditious to file Mr. Ackler's claim petition without proof of any asbestos injury, simply in order to get his case in progress." The claim he referred to was the asbestos claim. Although Mr. Ackler benefited from his workmen's compensation claim based on asbestosis, he now contends that he had no reason to know that he suffered from asbestosis on August 19, 1981.

With respect to the date on which appellant claims that he first had reason to know about his asbestosis, there are various and conflicting dates given. On deposition, Mr. Ackler testified that he learned he had asbestosis when he went to see Dr. Morowitz in December, 1983. Plaintiffs' memorandum of law, in opposition to the motions for summary judgment, stated that Mr. Ackler saw Dr. Morowitz in 1982 and includes a report from Dr. Morowitz to Mr. Chell dated April 22, 1983. Mr. Ackler also agreed on deposition that he first saw Dr. Morowitz in October, 1982.

In *Wheeler v. Johns–Manville Corp.,* 342 Pa.Super. 473, 493 A.2d 120 (1985), the plaintiff signed a workmen's compensation form listing August 8, 1979 as the date on which he first became aware he had asbestosis and as the date he first realized the illness was caused or aggravated by his employment. In refuting a motion for summary judgment, he testified that he did not actually know he had asbestosis on August 9, 1979, and wrote that date because his doctor told him to. The panel held that this created an issue of

fact and we reversed the grant of summary judgment.[2]
However, that case must be read in the light of the more
recent decision in *Morgan v. Johns–Manville Corp.*, 354
Pa.Super. 58, 511 A.2d 184 (1986) which involved a factual
situation more analogous to our own. On April 8, 1976 the
plaintiff, Francis Morgan, filed a federal claim listing the
nature of his injury as "lungs" and the cause was stated as
due to the modification of piping systems aboard ships.
More than two years later, the plaintiff filed an action in
the Court of Common Pleas for damages allegedly resulting
from asbestos. The court below granted summary judg-
ment in favor of the defendants. The plaintiff, as in the
case before us, attempted to create an issue of fact concern-
ing when he had actual knowledge and understanding of
the disease. He admitted he had signed the affidavit and
claimed that the personnel at the dispensary told him what
to write and to sign the form. He stated he never saw the
dispensary permit issued by the dispensary physician but
admitted that he had been diagnosed as having asbestosis.
He further argued that he did not understand the nature of
his injury until he received a letter from Dr. Paisley on July
9, 1976, within two years of filing his complaint, which
indicated he had asbestosis. We held that the defendants
had carried their burden of showing that there was no
genuine issue of material fact.

As noted in *Lowe v. Johns–Manville Corp.*, 604 F.Supp.
1123, 1126 (E.D.Pa.1985) "[c]redibility, of course, may not
be resolved at the summary judgment stage unless the
non-movant's position is plainly unreasonable." In our
opinion, it is patently unreasonable that Mr. Ackler did not
know or have reason to know that he had asbestosis when
he signed the workmen's compensation claim based on the
detailed facts set forth in the claim. Importantly, we must
further realize that the standard is not a subjective one but
applies if appellant objectively *should have* known of his

**2.** The court noted that it did not reach the issue of whether claimant
should have known of his injuries as that argument was not raised by
the parties. *Wheeler v. Johns–Manville*, 342 Pa.Super. at 480, 493 A.2d
at 123.

injury. *See Seay v. Prudential Property and Casualty Insurance Co.*, 375 Pa.Super. 37, 543 A.2d 1166 (1988).

An analogy may be drawn between medical malpractice claims and those involving creeping diseases. Both actions have a two-year statute of limitations. It is during this time period that the plaintiff must make a decision whether or not to pursue any legal rights he may possess. We stated in *Bickford v. Joson*, 368 Pa.Super. 211, 216, 533 A.2d 1029, 1031 (1987), a medical malpractice case:

> Indeed, in an era of complex and sophisticated legal rights and the general availability of legal services, the duty to make legal inquiry within two years of the injury is wholly reasonable.

Once a plaintiff knows, or should know that he has suffered an injury, the statute of limitations then gives him the opportunity to select and consult with a lawyer, conduct the necessary investigation and commence suit. *Keating v. Zemel*, 281 Pa.Super. 129, 421 A.2d 1181 (1980). Two years is ample time in which to commence suit in a creeping disease case after the plaintiff acquires the requisite knowledge.

The appellant's reliance on *Trieschock v. Owens Corning Fiberglas Co.*, 354 Pa.Super. 263, 511 A.2d 863 (1986) is misplaced. We held in *Trieschock,* speaking through Brosky, J., Popovich, J. dissenting, that the fact that the appellant was told by his doctor asbestosis was suspected would not establish, as a matter of law, that the plaintiff knew or should have known that he had asbestosis. This court reversed the entry of summary judgment in favor of the defendants which were producers of asbestos products.[3]

**3.** In *Trieschock, supra,* the Court stated that a plaintiff in a creeping disease case is not required to have a greater knowledge than his physician about his medical condition, and if the physician is not reasonably certain as to the diagnosis, then a plaintiff cannot have the knowledge necessary to commence the running of the statute of limitations. We do not believe this is a correct statement of the law, as "reasonable certainty" by a physician or the patient is not required by *Cathcart, supra.* All that *Cathcart* requires is that the plaintiff knows he has an injury, or in the exercise of reasonable diligence, should have discovered that he has a creeping disease. So long as the

In March, 1982, a physician who examined the plaintiff told him that he suspected he had asbestosis and scheduled an appointment with a pulmonary specialist. On April 8, 1982, he was told by the specialist that he had asbestosis. He commenced his action on April 6, 1984 and we held that it was not barred by the two-year statute of limitations. In the case before us, Mr. Ackler signed a petition on August 19, 1981 which was filed with the Workmen's Compensation Board on August 21, 1981, which stated that he was suffering from asbestosis and had scarring of the lungs. He described when and how he acquired the asbestosis and its cause. The petition alleged the dates on which he was subjected to occupational exposure and described his occupation as an insulation asbestos worker. The appellant will not now be heard to complain at this date that he did know or have reason to know on August 19, 1981 that he had been injured and his injury had been caused by another party's conduct.

JUDGMENTS AFFIRMED.

claimant is aware that he has an injury there is no requirement that he be aware of a precise diagnosis as some language seems to suggest.