# Friedman v. Hershey Foods Corporation

Robert E. Mielnicki, for plaintiff.
David J. Porter, for defendants.

FRIEDMAN, J., June 1, 2005—

FACTUAL AND PROCEDURAL HISTORY

Plaintiff has appealed from this court's order dated February 11, 2005, in which we granted defendants' "Motion for judgment on the pleadings pursuant to Pa.R.C.P. 1034 and motion for judgment on admission[1] [sic] pursuant to Pa.R.C.P. 1037(c)" and dismissed plaintiff's complaint with prejudice.

Plaintiff commenced this action by filing his complaint on September 7, 2004. In it, he alleged that, beginning in 1994, he "started ingesting Hershey's chocolate syrup with milk as a part of his diet. The plaintiff only ingested Hershey's chocolate syrup, and kept a food diary of his food intake." (Complaint ¶5.) He alleged that "[s]tarting

1. The actual order signed granted defendants' motion for judgment on admission.

on or about 1997, the plaintiff was admitted to Forbes Regional Hospital with infected lungs, difficulty breathing and shortness of breath. The cause of the illness was unknown at that time." (Complaint ¶6.) Plaintiff then alleged that he suffered other physical and psychological illnesses and hospitalizations. He alleged that "[t]hese problems continued until October 31, 2000, when plaintiff stopped drinking milk with Hershey's syrup" (complaint ¶14), and that in the years 2001 and 2002 his condition continued to improve. He alleges that in "November 2002, he obtained an expert opinion from Dr. Raymond Singer Ph.D., a neurotoxologist, after reviewing the studies and plaintiff's history, that an additive from Hershey's syrup, namely xanthan gum, was the cause of his health and mental problems." (Complaint ¶19.) Plaintiff alleges that he purchased all of his Hershey's syrup from defendant Giant Eagle.

Plaintiff's complaint contains four counts:

• Count I—Strict products liability against defendant Hershey.

• Count II—Breach of warranty against defendant Hershey.

• Count III—Negligence against defendant Hershey.

• Count IV—Stream of commerce liability against defendant Giant Eagle.

Defendants filed an answer and new matter on October 25, 2004. In their new matter, they asserted, inter alia, the bar of the statute of limitations, estoppel, and waiver. Defendants averred that plaintiff had filed a separate action against Paul J. McArdle, Esq., alleging legal

malpractice based on McArdle's refusal to file a complaint against Hershey for harm suffered by plaintiff from ingesting xanthan gum in Hershey's chocolate syrup.[2] Defendants averred that one of plaintiff's allegations in that case, regarding when he discovered the possible connection of xanthan gum with his lung problems, was inconsistent with his allegations in this case. Defendants also aver in their answer and new matter that McArdle subsequently sued plaintiff claiming defamation, and that plaintiff admitted in his answer, new matter and counterclaim to McArdle's complaint that he believed that his breach of warranty claim "had no chance of success." (Answer and new matter at GD 04-8669, ¶69.)

In his reply to new matter, which was filed on January 3, 2005, plaintiff contends, inter alia, that the statute of limitations was tolled until his condition "was verified by expert reports that contradicted his doctors and previous attorney's report, which was November 27, 2002." (Reply to new matter ¶3.) He also avers that his comments in the complaint regarding the breach of warranty claim having "no chance of success" were misinterpreted by defendants, since "Plaintiff was pro se when filing his complaint, and said paragraph is an opinion of law, not a statement of fact." (Reply to new matter ¶4.)

On December 29, 2004,[3] both of the defendants filed a "Motion for judgment on the pleadings pursuant to

---

2. *Friedman v. McArdle,* AR 03-7432.

3. One of the issues raised in the motion was plaintiff's failure to timely file a reply to new matter. After the filing of the motion, plaintiff did file a reply to new matter. We did not reach the issue of the timeliness of the reply.

Pa.R.C.P. 1034 and motion for judgment on admission pursuant to Pa.R.C.P. 1037(c)." Defendants raised several grounds for judgment in their favor, including plaintiff's failure to file a reply to new matter and the bar of the statute of limitations based on plaintiff's statements pertinent to the discovery rule in the prior related litigation.

We entered judgment in favor of defendant based upon plaintiff's factual averments in this action and in the related case of *Friedman v. McArdle.* In the earlier case, plaintiff averred that "Mr. McArdle undermined and destroyed the case by not filing the complaint in a timely fashion. . . . Product liability cases must be filed within two years of the date of discovering the problem, which was October 31, 2000, by me or November 2000 by a lung specialist who treated me. Mr. McArdle obviously knew the case was worthless after November 2002." (Amended complaint at AR 03-7432, ¶6, filed 1-5-04.) Plaintiff cannot now be heard to say that he did not discover the cause of his injury until November 27, 2002, when he received his expert report, and that the statute of limitations therefore expired on November 27, 2004, so that the commencement of this case on September 9, 2004, was timely.

The discovery rule was discussed in *Ingenito v. AC & S Inc.,* 430 Pa. Super. 129, 633 A.2d 1172 (1993):

"The 'discovery rule' is an exception to the rule which arises from the inability of an injured person, despite the exercise of due diligence, to know of the injury or its cause. . . . In creeping diseases cases, it has been held, the statute of limitations begins to run when the

injured person 'knows, or reasonably should know: (1) that he has been injured, and (2) that his injury has been caused by another party's conduct.' . . . 'A court presented with an assertion of applicability of the "discovery rule" must, before applying the exception of the rule, address the ability of the damaged party, exercising reasonable diligence, to ascertain the fact of a cause of action.' . . . 'The standard of reasonable diligence is an objective or external one that is the same for all individuals.' . . . 'We evaluate the plaintiff's conduct in terms of what he should have known at a particular time by following a course of reasonable diligence. If a party has the means of discovery within his power but neglects to use them, his claim will still be barred.' . . . A plaintiff does not need to know that he has a cause of action, or that he has suffered an injury due to another party's wrongful conduct. '[O]nce [a plaintiff] possesses the salient facts concerning the occurrence of his injury and who or what caused it, he has the ability to investigate and pursue his claim.' . . . A diligent investigation may require one to seek further medical examinations as well as competent legal representation." 430 Pa. Super. at 133-34, 633 A.2d at 1174-75. (citations omitted)

We granted defendants' motion not because of plaintiff's prior *legal conclusions* as to his former attorney having missed the statute of limitations, but because of plaintiff's prior *factual assertions* regarding the date when he suspected the Hershey's syrup was causing his repeated lung problems, as well as the date when a lung specialist also thought the connection was a possibility.

In support of their motions, defendants cited the case *Ackler v. Raymark Industries Inc.,* 380 Pa. Super. 183, 551 A.2d 291 (1988). In *Ackler,* an employer's motion for summary judgment was granted and the employee's claim for an asbestosis injury was dismissed on the grounds that it was time-barred. The employee in *Ackler* had signed a workmen's compensation petition on August 19, 1981, stating that he was suffering from asbestosis and had scarring of the lungs, and specifying when and how he was exposed to asbestos. The employee subsequently filed an action against his employer and several asbestos manufacturers in common pleas court on December 21, 1983, more than two years after the signing of the workmen's compensation petition. The Superior Court concluded that the lower court properly dismissed the case as having been brought beyond the two-year statute of limitations. It concluded that the employee could "not now be heard to complain at this date that he did [not] know, or have reason to know, on August 19, 1981, that he had been injured and his injury had been caused by another party's conduct." 380 Pa. Super. at 195, 551 A.2d at 297.

In the instant case, plaintiff alleged in a prior lawsuit, the one against his former attorney, that the connection between Hershey's chocolate syrup and his lung ailment was suspected by him by October 31, 2000, and by his lung specialist in November 2000. He cannot change those factual allegations and claim that he did not discover the connection until he received an expert report in November 2002. The court properly entered judgment in favor of defendants based on the bar of statute of limitations.