DaMATO, Carl A., DaMato, Rose, his wife, Appellants in No. 80–2762,

v.

TURNER & NEWALL, LTD., Bell Asbestos Mines, Ltd., Special Asbestos Company, Inc., Cassiar Asbestos Corp. Ltd., Asbestos Corporation, Ltd., Huxley Development Corporation, Canadian Johns-Manville Asbestos, Ltd., Canadian Johns-Mansville Company, Ltd., Johns-Manville Sales Corporation, GAF Corporation, Lake Asbestos Corporation of Quebec, Carey Canadian Mines, Ltd., North American Asbestos Corporation, General Mining and Finance Corporation, Ltd., Turner Asbestos Fibres, Ltd., Central Asbestos Company, Ltd. and Certain Teed Corporation (Count VII Only), Raybestos Manhattan, Inc., Southern Asbestos.

LINDAHL, Pearl, Administratrix of the Estate of Lindahl, Fred S., Deceased, Appellant in No. 80–2763,

v.

TURNER & NEWALL, LTD. and Bell Asbestos Mines, Ltd. and Special Asbestos Company, Inc. and Cassiar Asbestos Corp., Ltd. and Asbestos Corporation, Ltd. and Huxley Development Corporation and Canadian Johns-Manville Asbestos, Ltd. and Canadian Johns-Manville Company, Ltd. and Johns-Manville Sales Corporation and GAF Corporation, and Lake Asbestos Corporation of Quebec and Carey Canadian Mines, Ltd. and North American Asbestos Corporation and General Mining and Finance Corporation, Ltd.

TURNER ASBESTOS FIBRES, LTD. and Central Asbestos Company, Ltd. and Certain Teed Corporation (Count VII Only), Raybestos Manhattan, Inc., Southern Asbestos, United States of America,

v.

CERTAIN TEED CORPORATION, Certain-Teed Corporation (Directly and as Successor-In-Interest to Keasbey & Mattison Company) and Nicolet Industries, Inc. (Successor-In-Interest to Keasbey & Mattison Company).

SAYLOR, Albert, Administrator of the Estate of Saylor, Jennie, dec'd., Appellant in No. 80–2764,

v.

TURNER & NEWALL, LTD., Bell Asbestos Mines, Ltd., Special Asbestos Company, Inc., Cassiar Asbestos Corp., Ltd., Asbestos Corporation, Ltd., Huxley Development Corp., Canadian Johns-Manville Asbestos, Canadian Johns-Manville Co., Ltd., Johns-Manville Sales Corp., GAF Corp., Lake Asbestos Corp. of Quebec, Carey Canadian Mines, Ltd., North American Asbestos Corp., General Mining and Finance Corp., Turner Asbestos Fibres, Ltd., Central Asbestos Co., Ltd., Certain Teed Corp., Southern Asbestos and Raybestos Manhattan, Inc., U.S.A., Nicolet Industries, Inc., Atlas Asbestos Company.

PEARSON, Jessie I., Administratrix of the Estate of Pearson, Richard D., Deceased, Appellant in No. 80–2765,

v.

TURNER & NEWALL, LTD., Bell Asbestos Mines, Ltd., Special Asbestos Company, Inc., Cassiar Asbestos Corp., Ltd., Asbestos Corporation, Ltd., Huxley Development Corporation, Canadian Johns-Manville Asbestos, Ltd., Canadian Johns-Manville Company, Ltd., Johns-Manville Sales Corporation, GAF Corporation, a Delaware Corporation, Lake Asbestos Corporation of Quebec, Carey Canadian Mines, Ltd., North American Asbestos Corporation, General Mining and Finance Corporation, Ltd., Turner Asbestos Fibres, Ltd., Central Asbestos Company, Ltd., and Certain Teed Corporation, Raybestos Manhattan, Inc., Southern Asbestos and United States of America.

Nos. 80–2762 to 80–2765.

United States Court of Appeals, Third Circuit.

Argued June 9, 1981.

Decided June 22, 1981.

Edward Rubin, Robert Redler (argued), Hamburg, Rubin, Mullin & Maxwell, Lansdale, Pa., for appellants.

Patrick T. Ryan, Virginia Gibson-Mason, Drinker, Biddle & Reath, Philadelphia, Pa., David Booth Beers (argued), S. Elizabeth Gibson, Thomas R. Andrews, Shea & Gardner, Washington, D.C., for Cassiar Asbestos Corp. Ltd.

Edward B. Joseph, Frederic L. Goldfein, Ominsky, Joseph & Welsh, Philadelphia, Pa., for Asbestos Corp., Ltd.

Robert M. Britton, James F. Gallo, Post & Schell, Philadelphia, Pa., for Bell Asbestos Mines, Ltd.

Charles W. Craven, Marshall, Dennehey & Warner, Philadelphia, Pa., for Canadian Johns-Manville Asbestos, Canadian Johns-Manville Co., Johns-Manville Sales Corp.

G. Wayne Renneisen, Joel D. Gusky, Harvey, Pennington, Hertin & Renneisen, Philadelphia, Pa., for Carey Canadian Mines, Ltd.

Before ALDISERT, GIBBONS and WEIS, Circuit Judges.

## OPINION OF THE COURT
### PER CURIAM:

The question for decision in this appeal by plaintiffs from adverse summary judgments in diversity actions brought under Pennsylvania law is whether the district court erred in determining that when the plaintiffs knew the physical causes and sources of their injuries, their lack of knowledge about the legal bases for prospective claims will not toll the Pennsylvania statute of limitations. We affirm.

We are satisfied that Judge Newcomer's opinion in *Grabowski v. Turner & Newall*, 516 F.Supp. 114 (E.D.Pa.1980), sets forth the appropriate legal precepts and properly applied the undisputed facts thereto. Additional support for the view we take is found in *Volpe v. Johns-Manville Corp.*, 4 P.C.R. 290 (Phila.C.P.1980) (Takiff, J.). *See also Anthony v. Koppers Co., Inc.*, —— Pa.Super. ——, ——, 425 A.2d 428, 436 (1981) (citing *Volpe* with approval); *cf. United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979) (interpreting two year limitation period in Federal Tort Claims Act, 28 U.S.C. § 2401).

The judgment of the district court will be affirmed.