766 F.2d 823
 Prod.Liab.Rep.(CCH)P 10,592
Jean E. ROSS, Executrix of the Estate of Urban F. Ross,
Deceased, and in her own right, Appellant,
v.
JOHNS-MANVILLE CORPORATION, Johns-Manville Sales
Corporation, Raybestos-Manhattan, Inc., Unarco
Industries, Inc., H.K. Porter Company,
Inc., and Amatex Corporation, Appellees,
v.
OWENS-ILLINOIS GLASS COMPANY, Owens-Corning Fiberglas
Corporation, Celotex Corporation, Eagle-Picher Industries,
Inc., Pittsburgh Corning Corporation, GAF Corporation,
Forty-Eight Insulations, Inc., Nicolet Industries, Southern
Textile Corporation, Keene Corporation, Garlock, Inc., and
Pacor, Inc., Appellees.
 No. 84-1528.
 United States Court of Appeals,
Third Circuit.
 Argued April 30, 1985.
Decided July 10, 1985.
 
 Martin Grietzer (Argued), Marc P. Weingarten, Greitzer and Locks, Wilfred Lorry, Lorry & Hymowitz, P.C., Philadelphia, Pa., for appellant.
 James F. Hammill, Peter J. Lynch, Therese M. Keeley, Nathan A. Schachtman (Argued), McCarter & English, Cherry Hill, N.J., for appellee Owens-Illinois Glass Co.
 Andrew Trevelise, Michael J. Plevyak, Malcolm & Riley, P.C., West Chester, Pa., for appellee Celotex Corp.
 Charles J. Kalinoski, Edward Greer, Mesirov, Gelman, Jaffe, Cramer & Jamieson, Philadelphia, Pa., for appellee GAF Corp.
 Edward J. David, Curran, Mylotte, David & Fitzpatrick, Philadelphia, Pa., for appellee Pittsburgh Corning Corp.
 Walter D. Meeley, Bennett, Bricklin, Saltzburg & Fullem, Philadelphia, Pa., for appellee Nicolet Industries, Inc.
 Joseph H. Foster, Deborah A. Romanski, White and Williams, Philadelphia, Pa., for appellees H.K. Porter Co., Inc., Southern Textile Corp., Forty-Eight Insulations, Inc.
 Barbara Pennell, Thompson & Pennell, Philadelphia, Pa., for appellee Eagle-Picher Industries, Inc.
 Arthur Makadon, William A. Slaughter, James Coleman, Oliver C. Biddle, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for appellee Raybestos Manhattan, Inc.
 John Patrick Kelley, Krusen, Evans and Byrne, Philadelphia, Pa., for appellee Owens-Corning Fiberglas Corp.
 Fredric L. Goldfein, Ominsky, Joseph & Welsh, Philadelphia, Pa., for appellee Garlock, Inc.
 John F. Ledwith, Perry S. Bechtle, LaBrum & Doak, Philadelphia, Pa., for appellee Keene Corp.
 G. Daniel Bruch, Jr., Swartz, Campbell & Detweiler, Philadelphia, Pa., for appellee Pacor, Inc.
 Before SEITZ, WEIS and ROSENN, Circuit Judges.
 OPINION OF THE COURT
 SEITZ, Circuit Judge.
 
 
 1
 Jean E. Ross, as executrix of the estate of Urban F. Ross and in her own right, appeals from orders of the district court granting summary judgment in favor of the defendants and third-party defendants in this personal injury action. Subject matter jurisdiction is based on diversity of citizenship. 28 U.S.C. Sec. 1332 (1982). This court has jurisdiction pursuant to 28 U.S.C. Sec. 1291 (1982).
 
 I.
 
 2
 The essential facts are not in dispute. Urban F. Ross, a life-long New Jersey resident, worked as a shipfitter for the New York Shipbuilding Company in Camden, New Jersey, from 1942 to 1944 and from 1946 to 1947. From approximately 1956 until 1963, Ross was employed as a shipfitter at the Philadelphia Naval Shipyard. In each of these positions, Ross was exposed to asbestos products.
 
 
 3
 In 1963, Ross learned that he had asbestosis. Sixteen years later, in 1979, he was diagnosed as suffering from cancer of the colon. In 1981, Ross learned that he had lung cancer. He passed away in December of 1982.
 
 
 4
 Urban Ross (hereinafter "the decedent") and his wife Jean commenced this action in the district court for the Eastern District of Pennsylvania on December 15, 1980. The complaint alleged numerous causes of action, sounding in negligence, strict liability, breach of warranty, fraud and misrepresentation, which relate to the decedent's exposure to asbestos.[1] The defendants were various manufacturers and distributors of asbestos products. Several other manufacturers and distributors were impleaded as third-party defendants. Motions for summary judgment were filed on behalf of all defendants and third-party defendants[2] on the ground that plaintiff's claims were time-barred. The district court granted defendants' motions without opinion. This appeal followed.
 
 II.
 
 5
 Since the district court did not render an opinion when it dismissed plaintiff's claims as untimely, we must review the decision of that court without any indication of either the reasoning employed or the authorities relied upon by the district court. Consequently, we begin our analysis with a brief summary of the parties' contentions.
 
 
 6
 Plaintiff contends that the district court erred in dismissing the cancer claims on timeliness grounds. She argues that the New Jersey two year statute of limitations for personal injury actions should have been applied and that under New Jersey law plaintiff's cancer claims accrued for statute of limitations purposes when the decedent first discovered that he was suffering from colon cancer. Alternatively, plaintiff maintains that even if the two year Pennsylvania statute of limitations is applied, New Jersey law should determine when the cause of action accrued. Under either of plaintiff's theories, the applicable statute of limitations commenced running in 1979. Thus, her complaint, which was filed in 1980, was timely with respect to the cancer claims.
 
 
 7
 The defendants, on the other hand, maintain that the Pennsylvania statute of limitations is controlling and that in applying this limitations period, Pennsylvania law determines when the cause of action accrues. The defendants argue that under Pennsylvania law the plaintiff has only a single, indivisible claim for all asbestos-related injuries and that the two year Pennsylvania statute of limitations began to run in 1963 when the decedent learned of his initial asbestos-related injury.
 
 
 8
 Thus, two issues are presented for our review. First, we must determine whether the New Jersey or the Pennsylvania statute of limitations should be applied in this case. Second, in applying the appropriate limitations period, we must decide whether the laws of New Jersey or of Pennsylvania should determine when plaintiff's claims accrued.
 
 A. Statute of Limitations
 
 9
 A federal court, sitting in diversity, follows the forum's choice of law rules to determine the applicable statute of limitations. Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). Pennsylvania courts ordinarily apply the Pennsylvania statute of limitations.[3] Freeman v. Lawton, 353 Pa. 613, 46 A.2d 205, 207 (1946). Thus, we conclude that a Pennsylvania court would apply its own limitations statute in determining the timeliness of plaintiff's claims.
 
 B. Accrual of the Cancer Claims
 
 10
 Pennsylvania has a two year statute of limitations for actions "to recover damages for injuries to the person ... caused by the wrongful act or ... negligence of another." 42 Pa.Cons.Stat.Ann. Sec. 5524 (Purdon Supp.1985). This limitations period begins to run from "the time the cause of action accrued." 42 Pa.Cons.Stat.Ann. Sec. 5502(a) (Purdon 1981). A claim arising under Pennsylvania law accrues at "the occurrence of the final significant event necessary to make the claim suable." Mack Trucks, Inc. v. Bendix-Westinghouse Automotive Air Brake Co., 372 F.2d 18, 20 (3d Cir.1966).
 
 
 11
 Plaintiff asserts a claim for colon cancer allegedly caused by the decedent's exposure to the defendants' asbestos products. Under New Jersey substantive law, which plaintiff contends is controlling, a claim for asbestos-related cancer is considered a separate and distinct cause of action which may exist apart from any other injury stemming from the same exposure. See Devlin v. Johns-Manville Corp., No. L-16902-81, slip op. at 13 (N.J.Super. March 8, 1985). Pennsylvania, on the other hand, does not recognize a separate cause of action for asbestos-related cancer. Rather, Pennsylvania treats "all injuries arising out of the same tortious [asbestos exposure]" as a single cause of action. Cathcart v. Keene Industrial Insulation, 324 Pa.Super. 123, 471 A.2d 493, 507 (1984) (emphasis in original).
 
 
 12
 Thus, plaintiff bases her right to recover on a foreign cause of action that has no identical counterpart under Pennsylvania law. We must determine when that foreign claim accrued in order to apply the Pennsylvania statute of limitations. There appears to be no Pennsylvania state court decision addressing this precise question. Thus, our duty is to predict how the Pennsylvania Supreme Court would rule on this issue if the present case were before it. Pennsylvania Glass Sand Corp. v. Caterpillar Tractor Co., 652 F.2d 1165, 1167 (3d Cir.1981).
 
 
 13
 Because the limitations period is a creature of statute, the date of accrual for the purpose of applying the statute of limitations is a matter of statutory construction. In the absence of a definitive statement of legislative intent, we must construe the "accrual" requirement of section 5502 in a manner that is consistent with Pennsylvania's overall objectives in enacting statutes of repose.
 
 
 14
 When a Pennsylvania court is presented with a claim that is not recognized under Pennsylvania law, the date of accrual of that foreign claim may be determined in one of two ways. On the one hand, as plaintiff apparently contends, the Pennsylvania court may look to the law of the foreign state to determine when the foreign cause of action accured. Alternatively, the court may ascertain the accrual date of the foreign claim by first deciding what Pennsylvania claim is most comparable to the foreign cause of action and then determining when that comparable claim would accrue under Pennsylvania law. Utilizing the former approach, plaintiff's claims for asbestos-related cancer accrued under New Jersey law in 1979 when the decedent discovered that he had colon cancer. See Jarusewicz v. Johns-Manville Products Corp., 188 N.J.Super. 638, 458 A.2d 156, 158 (1983) (applying discovery rule in asbestos case). Applying the latter approach, plaintiff's claim for asbestos-related cancer would be comparable to Pennsylvania's single cause of action for injuries resulting from asbestos exposure. This single cause of action accrued in 1963 when the decedent first discovered his initial asbestos-related injury. Cathcart v. Keene Industrial Insulation, 471 A.2d at 507.
 
 
 15
 Reviewing the policies which underlie the Pennsylvania limitations statutes, we predict that the Pennsylvania Supreme Court would interpret the accrual language of section 5502 to require that Pennsylvania law determine when a foreign claim accrues for purposes of its limitations statute. One of the major objectives in enacting a limitations statute is to protect defendants and the local courts against the prosecution of stale claims. See Restatement (Second) of Conflicts of Law Sec. 142 comment d (1971). The limitations period for a given type of action reflects the legislature's judgment that at that particular point in time "the right to be free of stale claims ... comes to prevail over the right to prosecute them." United States v. Kubrick, 444 U.S. 111, 117, 100 S.Ct. 352, 356, 62 L.Ed.2d 259 (1979) (quoting Railroad Telegraphers v. Railway Express Agency, 321 U.S. 342, 349, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944)). To import the law of another jurisdiction to determine when a foreign cause of action accrues would permit plaintiffs to bring foreign claims in Pennsylvania even when a comparable Pennsylvania claim would be time-barred.
 
 
 16
 We believe that such a result would defeat one of the very goals that is sought to be advanced by the Pennsylvania statutes of limitation. Both the statutory scheme and the case law in this area suggest that the limitations period for a foreign cause of action brought in Pennsylvania courts should never be construed to be longer than would be the case if the same events had occurred in Pennsylvania to a Pennsylvania plaintiff. In Rosenzweig v. Heller, 302 Pa. 279, 153 A. 346 (1931), for example, the Pennsylvania Supreme Court applied the Pennsylvania limitations statute to bar a cause of action brought pursuant to a foreign state's wrongful death act where that act contained its own longer limitations period. Thus, Pennsylvania courts have been scrupulous in applying their own statutes of limitation even where the foreign limitations period is a precondition to asserting the substantive right.
 
 
 17
 Similarly, the Pennsylvania borrowing statute, 42 Pa.Cons.Stat.Ann. Sec. 5521 (Purdon 1981), which mandates the application of a foreign statute of limitations in certain situations, was not designed to benefit plaintiffs by allowing them to take advantage of a longer foreign limitations period when bringing their claims in another forum. See Prince v. Trustees of University of Pennsylvania, 282 F.Supp. 832, 839 (E.D.Pa.1968). Rather, it was intended to guard against forum shopping by providing that a foreign claim cannot be maintained if it is barred by the statute of limitations of the foreign state. See discussion infra Sec. C.
 
 
 18
 Finally, we note that Pennsylvania follows the Restatement approach in applying the statute of limitations of the forum state. See Restatement (Second) Conflict of Laws Sec. 142 (1971). A comment to the Restatement suggests that the law of the forum "also determines all matters involving the application of the statute of limitations." Id. comment a. For example, the law of the forum determines whether and under what circumstances a statute of limitations can be tolled. Id. Similarly, the accrual of a cause of action is an integral factor in determining whether that action is timely under the forum's statute of limitations. It follows that the law of the forum should be applied to determine what event triggers the running of the forum's limitations period.
 
 
 19
 Thus, in our view, the most consistent reading of the accrual language in section 5502 suggests that a Pennsylvania court would determine when a foreign cause of action accrues for the purpose of applying the Pennsylvania statute of limitations. We recognize that under such an approach not every claim that is timely in a foreign state will be maintainable in the state of Pennsylvania. However, such a result is the necessary consequence of electing to bring a claim in another forum.
 
 
 20
 We therefore conclude that plaintiff's claim for asbestos-related cancer accrued in 1963 when the decedent first learned of his initial asbestos-related injury. Consequently, under Pennsylvania's two year statute of limitations for personal injury actions, plaintiff's claims are untimely.[4]
 
 C. Borrowing Statute
 
 21
 Our conclusion is not altered by the existence of the Pennsylvania "borrowing statute". In pertinent part the borrowing statute provides:
 
 
 22
 (b) General rule.--The period of limitation applicable to a claim accruing outside this Commonwealth shall be either that provided or prescribed by the law of the place where the claim accrued or by the law of this Commonwealth, whichever first bars the claim.
 
 
 23
 (c) Definition.--As used in this section "claim" means any right of action which may be asserted in a civil action or proceeding and includes, but is not limited to, a right of action created by statute.
 
 
 24
 42 Pa.Cons.Stat.Ann. Sec. 5521 (Purdon 1981). By its terms the statute applies only where (1) the cause of action accrued in another state, and (2) the law of that state would bar the action before the running of the Pennsylvania statute of limitations. Because we have determined that the Pennsylvania statute of limitations bars plaintiff's personal injury claims, we need not consider the applicability of the borrowing statute.
 
 III.
 
 25
 Plaintiff also contends that the district court abused its discretion in refusing to allow plaintiff to amend her complaint to assert a wrongful death claim. However, the motion actually presented to the court was a motion to amend the caption of the case to reflect the death of Urban Ross. Even if this motion could be liberally construed as a motion to amend the complaint, denial of the motion would have been required as a matter of law. The parties agree that at the time the motion was made, plaintiff had not yet been appointed executrix of her husband's estate. See Joint App. at 330. Under New Jersey law, plaintiff then lacked standing to maintain a wrongful death claim. N.J.Stat.Ann. 2A:31-2 (West 1952). For this reason, we conclude that the district court did not abuse its discretion in failing to grant plaintiff's request.
 
 IV.
 
 26
 The orders of the district court will be affirmed.
 
 
 
 [1]
 The parties tacitly concede that our disposition of the statute of limitations issue, discussed herein, pertains to all of plaintiff's claims
 
 
 [2]
 Not all of the defendants are participating in this appeal. However, for the sake of simplicity, we will refer to appellees collectively as "defendants."
 
 
 [3]
 A limited exception to this rule is provided by the Pennsylvania "borrowing statute," 42 Pa.Cons.Stat.Ann. Sec. 5521 (Purdon 1981). The effect of this statutory exception is discussed infra Sec. C
 
 
 [4]
 Relying entirely upon the two opinions in Kelly v. Johns-Manville Corp., 590 F.Supp. 1089 (E.D.Pa.1984), plaintiff argues that New Jersey substantive law defines the cause of action for statute of limitations purposes. The Kelly court purported to apply the New Jersey statute of limitations, both in its own right and pursuant to the Pennsylvania borrowing statute. See 590 F.Supp. at 1096 and 1108. To the extent that Kelly may be inconsistent with our present determination, this case is, of course, controlling