Willie OWENS and Ruth
Owens, his wife

v.

LAC D'AMIANTE DU QUEBEC, LTEE.,
Carey Canada, Inc., the Celotex Corpo-
ration, GAF Corporation, Peltz-Rowley,
Inc., Asbestos Textile Institute, Ver-
mont Asbestos Group, Charter Consol-
idated, Ltd., Charter Consolidated In-
vestments, Ltd., Charter Consolidated
Services, Ltd., Central Mining Finance,
Ltd., Consolidated Mines Selection Co.,
Ltd., British South Africa Co., Ltd.,
Cape Industries, Ltd., Cape Asbestos
Industries, Ltd., Cape Asbestos Fibres,
Ltd., Cape Asbestos South Africa Pro-
prietary, Ltd., Cape Board & Panels,
Ltd., Egnep (PTY), Ltd., Amosa, Ltd.,
Associated Minerals Corp., Transvaal
Consolidated Land & Exploration Co.,
Ltd.

Civ. A. No. 84–134.

United States District Court,
E.D. Pennsylvania.

March 18, 1987.

Hal C. Pitkow, Philadelphia, Pa., for
plaintiffs.

Edward Geer, Margaret M. Chaplinsky
and Joan M. Gaughan, Daniel Segal, Phila-
delphia, Pa., for defendants.

## MEMORANDUM and ORDER

SHAPIRO, District Judge.

Plaintiffs Willie and Ruth Owens filed
this asbestos-related personal injury action
on January 9, 1984. Jurisdiction is by rea-
son of diversity of citizenship; plaintiffs
are citizens of New Jersey. Plaintiffs seek
to recover compensatory and punitive dam-
ages allegedly caused by Mr. Owens's ex-
posure to asbestos products at his place of
work. Defendants Charter Consolidated
P.L.C., Charter Consolidated Investments,
Ltd., Central Mining Finance, Ltd., Consol-
idated Mines Selection Co., Ltd., and Brit-
ish South Africa Co., Ltd. (the "Charter
defendants") and GAF Corporation, having
properly preserved the statute of limita-
tions defense, now move for summary
judgment on that issue. Because there is
no genuine issue of fact material to the

statute of limitations issue and because the defendants are entitled to judgment as a matter of law, summary judgment will be granted in favor of the Charter defendants and GAF for the reasons now stated.

■ Although other aspects of this case may be governed by New Jersey law, Pennsylvania law is controlling as to whether the action is time-barred. *See Cowgill v. Raymark Industries,* 780 F.2d 324, 328 (3d Cir.1986); *Ross v. Johns-Manville Corp.,* 766 F.2d 823, 826–28 (3d Cir.1985). A federal court sitting in diversity is bound by the choice-of-law rules of the forum state. In *Ross,* the Court of Appeals predicted that the Pennsylvania Supreme Court will hold that whether a foreign claim filed in Pennsylvania is time-barred in Pennsylvania will be determined under Pennsylvania law. *See Ross,* 766 F.2d at 826. The law of Pennsylvania will also determine the event from which the limitations period begins to run. *See id.* at 828.

Pennsylvania's statute of limitations requires that an action for damages for personal injury must be commenced within two years. 42 Pa.C.S.A. § 5524(2) (Purdons 1981). In a latent disease case where the cause of action is not discoverable despite the exercise of due diligence, the "discovery rule" applies. Under this objective test, the statute of limitations begins to run when "the plaintiff knows or should know of an injury and also knows or reasonably should know that the injury was caused by the wrongful act of another." *Wheeler v. Johns-Manville Corp.,* 342 Pa.Super. 473, 493 A.2d 120 (1985); *see also Cowgill,* 780 F.2d at 330; *Price v. Johns-Manville Corp.,* 336 Pa.Super. 133, 485 A.2d 466 (1984); *Cathcart v. Keene Industrial Insulation,* 324 Pa.Super. 123, 135–37, 471 A.2d 493, 500 (1984).

Although defendants bear the burden of proof on the statute of limitations defense, where the conduct causing the injury occurred more than two years before the institution of the suit, plaintiffs bear the burden of proving that the discovery rule should apply. "[T]he discovery rule does not reward ignorance, but 'imposes a burden of diligence upon plaintiff to inform himself.'" *Van Buskirk v. Carey Canadian Mines, Ltd.,* 760 F.2d 481, 498 (3d Cir.1985) (quoting *Grabowski v. Turner & Newall,* 516 F.Supp. 114, 118 (E.D.Pa.1980), *aff'd sub nom., DaMato v. Turner & Newall, Ltd.,* 651 F.2d 908 (3d Cir.1981) (per curiam).

■ Through the exercise of reasonable diligence, Mr. Owens could have obtained personal knowledge of the injuries alleged and their cause as of July 1, 1981. On or about that date, plaintiffs' attorney had obtained sufficient knowledge of the injuries for the statute of limitations to begin to run against his clients' claims. Mr. Owens retained Jerry S. Finn, Esquire, sometime before May, 1981 to represent him in his attempt to receive a second award of workers' compensation benefits based on pulmonary disability incurred in the course of his employment at the GAF plant.[1] (Finn deposition at 85, 95–96, 98). In connection with the workers' compensation claims, Attorney Finn sent plaintiff to Dr. Sidney Friedman for a medical examination. (Finn deposition at 141–42). This examination took place on May 29, 1981. (Exhibit D, Charter motion).

Dr. Friedman inquired about Mr. Owens's occupational history. Mr. Owens acknowledged that he had "heavy exposure to asbestos" during his employment and that he had developed a cough and shortness of breath years before his 1981 claim. (*See* Exhibit D, Charter motion). Upon completing the physical examination, Dr. Friedman sent a report to Mr. Finn. In that report, dated July 1, 1981, Dr. Friedman stated, "it is my opinion that Mr. Owens has a chronic bronchitis and pulmonary asbestosis (pneumoconiosis) ... [and] that these chest conditions are a result of the asbestos, dirt, dusts, chemicals and irritants in his work at GAF Corporation." (Exhibit D, Charter motion). Finn instituted a workers' compensation claim on Mr. Owens's behalf after receiving this report. (Finn deposition at 98).

1. Mr. Owens received his first workers' compensation award in 1974.

Plaintiffs argue that this action is not time-barred because Mr. Owens did not see a copy of Dr. Friedman's report and did not learn of the diagnosis of asbestosis until March, 1982, after he was examined by another physician. Plaintiffs also argue that even if the statute of limitations began to run in July, 1981, their claims against the Charter defendants are not time-barred because they filed an action against the Cape defendants, the alleged alter-ego of the Charter defendants, in the Court of Common Pleas of Philadelphia County on April 12, 1982.

"The polestar of the Pennsylvania discovery rule is not a plaintiff's actual acquisition of knowledge but whether the knowledge was known, or through the exercise of diligence knowable to plaintiff." *O'Brien v. Eli Lilly & Co.*, 668 F.2d 704, 711 (3d Cir.1981). Plaintiff's failure to realize that he had a cause of action or that anyone has committed wrongful or legally culpable conduct does not prevent the statute of limitations from running. *See, e.g., Lucera v. Johns-Manville Corp.*, 354 Pa. Super. 520, 533, 512 A.2d 661, 667 (1986). Clearly, Mr. Owens, through the exercise of reasonable diligence, could have known that he had an asbestos-related injury no later than July 1, 1981.

Mr. Owens retained a lawyer because he believed that he had suffered lung injuries. That lawyer sent Mr. Owens to a physician who examined him and made a diagnosis that he had an asbestos-related condition. Mr. Owens's attorney then filed a worker's compensation claim on Mr. Owens's behalf. Even if Mr. Owens did not know the claim was filed or the basis for it, he had only to ask either the physician or the attorney what the examination revealed to learn the diagnosis. The failure to make such an inquiry is failure to exercise reasonable diligence as a matter of law. Mr. Owens's injuries were knowable through the exercise of reasonable diligence more than two years before this action was instituted; therefore, plaintiffs' claims are time-barred.

■ Even if plaintiffs had met their burden of proving that Mr. Owens personally did not know and through the exercise of due diligence could not have known of the injury caused by defendants until May, 1982, the claims asserted in this action would nonetheless be time-barred because Mr. Owens's agent, Attorney Finn, had sufficient knowledge of the accrual of the claims to start the statute of limitations running in July, 1981. A client "is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Link v. Wabash Railroad Co.*, 370 U.S. 626, 634, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962) (quoting *Smith v. Ayer*, 101 U.S. (11 Otto) 320, 25 L.Ed. 955 (1879)). The agent's knowledge "concerning a matter as to which he acts within his power to bind the principal or upon which it is his duty to give the principal information" affects the liability of the principal. Restatement (Second) of Agency, § 272 (1958). Attorney Finn was Mr. Owens's agent to obtain benefits for him because of Mr. Owens's pulmonary disability incurred in the course of his employment at the GAF plant. A medical diagnosis of asbestos-related injury was received by Mr. Owens's attorney in the course of that engagement in connection with the very matter which was the subject matter of the agency. The attorney acted within his power to bind his principal and had a duty to inform Mr. Owens of the diagnosis of an asbestos-related injury in July, 1981; Mr. Owens is deemed to have had notice of his asbestos-related injury at that time.

The statute of limitations began to run in July, 1981 when Attorney Finn and Mr. Owens had notice. This suit was not filed until January 9, 1984, more than two years after the statute began to run, so the claims asserted are time-barred. There is no merit to plaintiffs' argument that the filing of a suit against the Cape defendants in the Court of Common Pleas of Philadelphia County tolled the statute of limitations in this action. What, if any, right the plaintiffs may have to reopen the state court action is a matter for that court to decide.

In their memorandum of law in support of the motion for summary judgment, de-

fendants assert that Mrs. Owens's claims are wholly derivative of Mr. Owens's. Plaintiffs did not oppose that contention. Because the court has determined that Mr. Owens's original action is barred by the statute of limitations, Mrs. Owens's derivative claims are barred as well.

Because Mr. Owens should have known of the injuries alleged in this action through the exercise of due diligence and because his attorney knew of those injuries more than two years before the commencement of this action, summary judgment must be granted against the plaintiffs in favor of the Charter defendants and GAF.

An appropriate Order follows.