

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2004

# Hartz v. Diocese of Greenburg

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2536

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Hartz v. Diocese of Greenburg" (2004). *2004 Decisions*. Paper 909.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/909

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-2536
_____

CHARLES HARTZ, JR.,

Appellant


v.


THE DIOCESE OF GREENSBURG;
THE CATHOLIC FOUNDATION OF THE DIOCESE OF GREENBURG;
FATHER GREGORY F. PREMOSHIS; ANTHONY G. BOSCO, as
Trustee of the Diocese of Greenburg

_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 02-cv-01347)
District Judge:  The Honorable Terrence F. McVerry


_____

Submitted Under Third Circuit LAR 34.1(a)
March 11, 2004


BEFORE: SLOVITER and NYGAARD, Circuit Judges.
and SHADUR,[*] District Judge.

---

[*]     Honorable Milton I. Shadur, Senior District Judge for the United States District

(continued…)

_____

OPINION OF THE COURT

_____

NYGAARD, Circuit Judge.

Appellant Charles Hartz, Jr. alleges that he was the victim of sexual abuse between 1980 and 1982.  He brought suit in 2002 against appellees, the Diocese of Greensburg ("the Diocese"), the Catholic Foundation of the Diocese of Greensburg ("the Foundation"), Bishop Anthony Bosco,[1] and Father Gregory Premoshis.  The District Court dismissed the case for failure to state a claim, concluding that (1) the two-year statute of limitations had expired and cannot be tolled, and (2) priests are not subject to a mandatory reporting requirement.  Hartz appeals and we will affirm.

**I.**

Because we write only for the parties, our description of the facts is brief. In 1980, Hartz was a sixteen-year-old student at Geibel Catholic High School,[2] and Father Premoshis was one of his teachers.  Hartz and Premoshis developed a close relationship

_____

(…continued)
Court for the Northern District of Illinois, sitting by designation.

1.      Bishop Bosco recently retired and is no longer the Trustee of the Diocese.  As of March 4, 2004, Bishop Lawrence E. Brandt is the Diocese Trustee.

2.      The school was operated by the Diocese and financed by the Foundation.

that Hartz alleges was ultimately violated. According to Hartz, Premoshis sexually abused him on multiple occasions, often after plying him with alcohol. Hartz contends he repressed the shame associated with the abuse and discovered the link between the abuse and his psychological injuries only years later, when a psychologist explained that his emotional problems stemmed from the experiences with Father Premoshis.

On July 31, 2002, Hartz filed suit against the appellees, advancing several claims including negligence *per se*, battery, assault, intentional infliction of emotional distress, negligence, and breach of fiduciary duty. The District Court referred the case to a magistrate judge, whose report and recommendation concluded that the appellees' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted. The District Court adopted the magistrate judge's report and recommendation as the Court's opinion. App. at A4. Hartz now appeals.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332.[3] Our jurisdiction arises under 28 U.S.C. § 1291. We exercise plenary review over the dismissal under Rule 12(b)(6) on statute of limitations and other grounds. *See Krantz v. Prudential Invs. Fund Mgmt. LLC,* 305 F.3d 140, 142 (3d Cir. 2002); *Lake v. Arnold,* 232

---

3. We requested supplemental briefing on the issue of diversity of citizenship. *See Nesbit v. Gears Unlimited, Inc.,* 347 F.3d 72, 76-77 (3d Cir. 2003) (noting our obligation to satisfy ourselves that subject-matter jurisdiction exists). Based upon these briefs, we are satisfied that the parties have diversity of citizenship. Hartz is a citizen of Michigan and the appellees are citizens of the Commonwealth of Pennsylvania.

3

F.3d 360, 365 (3d Cir. 2000). We must give Hartz the benefit of all inferences based on the facts described in his pleadings and determine whether he may be entitled to relief. *Krantz*, 305 F.3d at 142.

On appeal, Hartz raises three primary issues. First, he asserts that the District Court erred when it dismissed his negligence *per se* claim on the basis that the Diocese had no duty to report abuse. Hartz cites amendments to Pennsylvania's Child Protective Services Law ("CPSL") that culminated in 1995 with clergy being added to the list of individuals who must report suspected child abuse. 23 Pa. Cons. Stat. Ann. § 6311(b). Hartz, however, does not show that before 1995, clergy were reasonably expected to report suspected child abuse. More importantly, Hartz does not demonstrate that the Diocese had reason to suspect Father Premoshis of child abuse in the 1980s. Failing to demonstrate, or even allege, such threshold facts, Hartz's negligence *per se* claim fails to state a claim on which relief can be granted. Thus, the District Court was correct to dismiss that claim under Rule 12(b)(6).

Hartz's next argument is that the District Court should have tolled the two-year statute of limitations that applies to his claims of abuse. 42 Pa. Cons. Stat. Ann. § 5524(7). Without the benefit of tolling, Hartz brought his claims almost twenty years too late. The District Court concluded that Hartz failed to demonstrate that it should apply either the fraudulent concealment doctrine or the principle of delayed accrual under the discovery rule to toll the statute of limitations. App. at A10-14, A23-25. We agree.

4

Hartz cites instances where courts have been willing to toll the statute of limitations because drugs or alcohol were involved that prevented the victim from being aware of the abusive situation. *See, e.g., Greenberg v. McCabe*, 453 F.Supp. 765 (E.D. Pa. 1978). Hartz fails, however, to fit the facts of his case within such a scenario. Hartz does not allege that he was not cognizant of the abuse at the time it occurred or any time thereafter. Despite alcohol being involved in "many, but not all" of the abusive events, App. at 43, Hartz was aware of the possibility that something untoward was occurring. Hartz concedes in his Amended Complaint that, on several occasions after awaking from an alcoholic stupor, he asked Father Premoshis if illegal sexual activities were taking place. App. at A45. By making this concession, Hartz dooms his tolling argument. *See E.J.M. v. Archdiocese of Philadelphia*, 622 A.2d 1388, 1395 (Pa. Super. Ct. 1993) (refusing to toll the statute of limitations despite alleged fraudulent concealment by the accused when "the plaintiff's own common sense should inform him that he has been injured").

Finally, Hartz contends that the District Court mistakenly refused to engage in a conflict-of-law analysis to potentially apply another state's statute of limitations' accrual rules. Hartz highlights his allegation that Father Premoshis transported him to other states including Ohio, Virginia, and South Carolina to perform abusive acts. Even if we make inferences in favor of Hartz, as we are obligated to do, and assume that the alleged conduct accrued in those states and a conflict of law with Pennsylvania exists,

5

Hartz cannot avail himself of a more lenient statute of limitations rule. In a diversity case, we apply the forum state's choice of law rules. *Ross v. Johns-Manville Corp.*, 766 F.2d 823, 826 (3d Cir. 1985). Pennsylvania's borrowing statute provides that "[t]he period of limitation applicable to a claim accruing outside this Commonwealth shall be either that provided or prescribed by the law of the place where the claim accrued or by the law of this Commonwealth, *whichever first bars the claim*." 42 Pa. Cons. Stat. Ann. § 5521(b) (emphasis added). Thus, no conflict-of-law analysis was necessary, and the District Court correctly applied Pennsylvania's accrual rule.

## III.

For the reasons set forth, we will affirm the District Court's judgment in favor of appellees.

_____