

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-29-2006

# Mishra v. Nolan

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5236

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Mishra v. Nolan" (2006). *2006 Decisions.* Paper 810.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/810

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-5236
_____

AKHIL K. MISHRA,
Appellant

v.

RICHARD NOLAN, Lead Agent,
Drug Enforcement Administration
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civil No. 05-cv-00693)
District Judge: Honorable Thomas M. Hardiman
_____

Submitted Under Third Circuit LAR 34.1(a)
May 22, 2006

Before: RENDELL, AMBRO and ROTH*, <u>Circuit Judges</u>.

(Filed:  June 29, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

    In 2000 Akhil K. Mishra was convicted after a jury trial of selling drug

_____

**\*Judge Roth assumed senior status on May 31, 2006.**

paraphernalia. Five years later he filed a pro se complaint alleging that Richard Nolan, a DEA agent who testified for the prosecution, knowingly made false statements during Mishra's trial so that Mishra could be convicted and his property seized. Mishra seeks restoration of "judicial integrity and public confidence" and a new trial. In response, Nolan moved to dismiss on numerous grounds, including the statute of limitations and absolute immunity.

Construing the complaint as a Bivens action, the District Court agreed with Nolan that the complaint was untimely and that even if it were not, Nolan enjoys absolute immunity from suit for his in-court testimony pursuant to Briscoe v. LaHue, 460 U.S. 325 (1983). Accordingly, the court dismissed Mishra's complaint. This appeal followed.[1]

We agree with the District Court that Mishra's claim is untimely. Mishra had two years to file suit from the "final significant event necessary to make the claim suable." Ross v. Johns-Manville Corp., 766 F.2d 823, 826 (3d Cir. 1985) (citation omitted); Napier v. Thirty or More Unidentified Federal Agents, 855 F.2d 1080 (3d Cir. 1988) (holding that Bivens actions are governed by the applicable state law statute of limitations); Haugh v. Allstate Ins. Co., 322 F.3d 227, 233 (3d Cir. 2003) (noting that the Pennsylvania limitations period in tort cases is two years). Because the trial ended in

---

[1] We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's judgment de novo. Wilson v. Rackmill, 878 F.2d 772 (3d Cir. 1989) (absolute immunity); Gibson v. Superintendent of NJ Dept. of Law and Public Safety, 411 F.3d 427 (3d Cir. 2005) (statute of limitations).

June 2000 and the alleged wrongdoing occurred prior to that date, this case was commenced woefully late. Moreover, we agree with the District Court that there is no basis for tolling. Accordingly, we will affirm the order of the District Court. Nolan's motion for summary action is denied as moot.