J-A12035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CHARLES E. PHILLIPS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| GREGORY STONE, INDIVIDUALLY; SINCLAIR REALTY, INC., STONE & COMPANY AND WENDELL H. STONE COMPANY, INC. | |
| Appellees | No. 1481 WDA 2016 |

Appeal from the Order Entered September 6, 2016
In the Court of Common Pleas of Westmoreland County
Civil Division at No(s): 168 OF 2014

BEFORE:  OLSON, SOLANO and RANSOM, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED SEPTEMBER 25, 2017**

Appellant, Charles E. Phillips, appeals from the order entered on September 6, 2016, granting the motion for summary judgment filed by Gregory Stone (Greg Stone), individually, Sinclair Realty, Inc., Stone & Company, and Wendell H. Stone Company, Inc. (referred to collectively as "Stone") in this action for breach of contract.  Upon careful consideration, we affirm in part, vacate in part, and remand for additional proceedings.

We set forth the facts and procedural history of this case as follows. On January 13, 2014, Appellant filed a complaint against Stone for breach of contract, alleging that the parties entered into an oral contract in July 2012 whereby Appellant agreed to advance money for the construction of a building on property owned by Stone and that Stone would reimburse

Appellant for the money advanced. *See* Complaint, 1/13/2014, at 2, ¶ 7.

Appellant alleged that his total investment for construction was

$269,676.00, including interest incurred. *Id.* at 2, ¶ 9. Appellant conceded

that Stone paid him $100,000.00, but avers that Stone still owes him

$169,676.00. *Id.* at 2, ¶ 10. In paragraphs 11 through 16 of the

complaint, Appellant further alleged that he was entitled to reimbursement

for items and services provided to, or acquired by, Stone that were not

related to construction expenditures. *Id.* at 2-4, ¶¶ 11-16. Finally,

Appellant claimed that Stone stole a chandelier and dining room table set

from him. *Id.* at 3-4, ¶ 17.[1]

---

[1] In its opinion supporting the grant of Stone's motion for summary judgment, the trial court examined Appellant's complaint in three distinct parts. In separate discussions, the trial court addressed Appellant's claims relating to construction-related expenditures (found at paragraphs seven through 10 of Appellant's complaint), allegations concerning reimbursement for items and services unrelated to construction expenses (set forth at paragraphs 11 through 16 of Appellant' complaint), and averments relating to an alleged theft (found at paragraph 17 of Appellant's complaint). On appeal, Appellant argues only that the trial court erred in granting summary judgment on those claims specifically pertaining to the construction of the building. *See* Appellant's Brief at 9-11. Appellant does not challenge the trial court's dismissal of his claims unrelated to construction expenditures and, thus, he has abandoned those issues. *See Burrell Const. & Supply Co. v. Straub*, 656 A.2d 529, 534 (Pa. Super. 1995) (failure to cite legal authority and lack of development of an argument results in waiver). Accordingly, we affirm the trial court's grant of summary judgment regarding claims unrelated to construction expenditures and confine our analysis to the claim pertaining to the erection of the building at issue.

The parties took the depositions of Appellant, Taylor Phillips (Appellant's son), and Greg Stone. On May 13, 2016, Stone filed a motion for summary judgment alleging that Appellant failed to establish the necessary elements of a breach of contract action. Both parties filed briefs in support of their position and the trial court held oral argument. Thereafter, each party had an opportunity to submit additional documentation. Appellant filed an affidavit from Eve Phillips.[2] Stone filed a response.

---

[2] In the affidavit, Eve Phillips claims, "Mr. Stone stated on numerous occasions that […] if [Appellant] would construct the building, Mr. Stone would pay for it." Affidavit of Eve Phillips, 7/7/2016, at 1. The affidavit further states that:

> Mr. Stone requested [that] items related to the construction of the building be presented to Mr. Stone and [his secretary]. Mr. Stone stated that he would pay [Appellant] what was due when the loan proceeds were available.
>
> *           *           *
>
> […R]ather than paying the full amount due, Mr. Stone had [his secretary] issue a check for [$100,000.00], rather than the [$226,715.84], which at that time was the amount due.
>
> *           *           *
>
> Mr. Stone stated that the balance would be paid to [Appellant] in a week[;] that payment was never made.

*Id.* at 2-3.

The trial court granted Stone's motion for summary judgment in an opinion and order filed on September 6, 2016. This timely appeal resulted.[3]

On appeal, Appellant presents the following issues for our review:

1. Did the [t]rial [c]ourt commit an error of law when entering summary judgment for [Stone]?

2. Did the [t]rial [c]ourt abuse its discretion in granting summary judgment for [Stone]?

3. Are there questions of fact, including the admissions by [Stone] of the existence of a debt owed to [Appellant], creat[ing] a question of fact for the [j]ury[?]

Appellant's Brief at 6.

Initially, we address Stone's contention that Appellant's brief fails to follow our rules of appellate procedure and is so deficient that it precludes our review. **See** Stone's Brief at 5-8. Upon review, Appellant's brief is underdeveloped, providing only four citations to legal authority pertaining to the rules of civil procedure governing summary judgment and our standard of review in such cases. **See** Appellant's Brief at ii. For this reason, we could dismiss the appeal, but because we can discern the issue presented, we will address this appeal pursuant to our discretion under Pa.R.A.P. 105(a). **See AmerisourceBergen Corp. v. Does**, 81 A.3d 921, 923 (Pa.

---

[3]  Appellant filed a notice of appeal on September 30, 2016. On October 6, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on October 24, 2016. The trial court relied upon its opinion filed on September 6, 2016.

Super. 2013). "However, we caution counsel to adhere to the dictates of our rules of procedure in future practice before this Court." *Id.* (citation omitted).

All of Appellant's issues challenge the trial court's grant of Stone's motion for summary judgment and we adhere to the following standard of review:

> Summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt. On appellate review, then, an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the lower tribunals. To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.

*Feleccia v. Lackawanna College*, 156 A.3d 1200, 1209 (Pa. Super. 2017) (citations and brackets omitted).

While Appellant presents three issues in his statement of questions presented, he essentially presents a single issue for our review. *See* Appellant's Brief at 9-11. Appellant argues that the trial court abused its discretion in granting Stone's motion for summary judgment because there

were genuine issues of material fact regarding the existence of an oral contract. *Id.* at 9-10. Appellant avers that he agreed to advance construction expenses, Stone agreed to reimburse him for those expenses and Stone's partial payment is evidence of the existence of the oral contract. *Id.* More specifically, Appellant contends that he set forth facts that Stone paid Appellant $100,000.00 and promised to pay the balance of the amount Appellant spent on construction within a week.[4] *Id.* Thus, Appellant posits

---

[4] Appellant contends that he supplemented the record with an affidavit from Eve Phillips who claimed she heard the business dealings between Appellant and Stone. *See* Appellant's Brief at 9. Upon review of the affidavit, we conclude that it was proper for the trial court to not consider it. An affidavit is defined as:

> a statement in writing of a fact or facts, signed by the person making it, that either (1) is sworn to or affirmed before an officer authorized by law to administer oaths, or before a particular officer or individual designated by law as one before whom it may be taken, and officially certified to in the case of an officer under seal of office, or (2) is unsworn and contains a statement that it is made subject to the penalties of 18 Pa.C.S.[A.] § 4904 relating to unsworn falsification to authorities.

Pa.R.C.P. 76; *see also Ackler v. Raymark Industries, Inc.*, 551 A.2d 291, 295 (Pa. Super. 1988) (citation omitted) ("An affidavit is a formal written or printed voluntary *ex parte* statement sworn or affirmed to before an official authorized to take oaths."). "Generally, affidavits must be executed by one who possesses personal knowledge of the facts alleged[.]" *Ackler*, 551 A.2d at 295. Here, the certified record contains two copies of an affidavit executed by Eve Phillips. Neither copy contains an oath by an official officer or a verification relating to unsworn falsification to authorities under 18 Pa.C.S.A. § 4904. The trial court gave Appellant an opportunity to file a notarized affidavit in response to Stone's motion for summary judgment. Trial Court Opinion, 9/6/2016, at 1 (the trial court "gave each
*(Footnote Continued Next Page)*

that "Stone admitted [] liability by making partial payment and promising to pay the rest[.]" *Id.*

Here, the trial court completely failed to address Appellant's contention that Stone paid him $100,000.00 towards their alleged contract, which amounted to an acknowledgement of the debt. Instead, the trial court concluded:

> After a review of all the pleadings, and viewing the evidence in the light most favorable to [Appellant], it is evident that [Appellant] failed to provide sufficient evidence to raise a genuine issue of material fact as to the existence of a contract, which is a necessary element of a breach of contract action. [Stone's] brief in support of motion for summary judgment points out contradictions between [Appellant's] complaint and [Appellant's] deposition testimony that support this finding. For

*(Footnote Continued)* _____

[party] an opportunity to provide additional documentation, including a notarized affidavit from [Appellant] and response to said affidavit by [Stone]."). The certified record contains two identical copies of Eve Phillips' affidavit. Although Stone filed a "reply to [Appellant's] **amended** affidavit[,]" there is no "amended" affidavit contained in the certified record. Thus, we are confined to review the only affidavit contained in the certified record. *See Commonwealth v. Ross*, 57 A.3d 85, 96 (Pa. Super. 2012). We remind Appellant "[i]t remains the appellant's responsibility to ensure that a complete record is produced for appeal." *Kessler v. Broder*, 851 A.2d 944, 950 (Pa. Super. 2004). Based upon all of the foregoing, the trial court properly disregarded Eve Phillips' affidavit in ruling on Stone's motion for summary judgment. *See Al Hamilton Contracting Co. v. Cowder*, 644 A.2d 188, 190 (Pa. Super. 1994) ("The order of a trial court may be affirmed on appeal if it is correct on any legal ground or theory, regardless of the reason or theory adopted by the trial court."). Nevertheless, as we shall explain, we are constrained to vacate summary judgment on Appellant's construction reimbursement claim since the deposition testimony of Appellant and his son, Taylor Phillips, raises genuine issues of material fact regarding the existence of Stone's promise to reimburse Appellant for construction expenditures, and breach of that commitment.

example, [Appellant] alleges that [Stone] agreed to reimburse those costs. Since there is no evidence that a contract existed, [Stone] is entitled to summary judgment.

Trial Court Opinion, 9/6/2016, (unpaginated) at *2. Upon review of the certified record, we disagree with the trial court's assessment.

Here, at all times, Appellant has maintained that Stone's payment of $100,000.00 showed Stone's acknowledgment of the debt that resulted from their oral contract for construction. *See* Complaint, 1/13/2014, at 2 ¶ 10 ("[Stone has] paid to [Appellant] toward the total debt $100,000.00, leaving a balance due on the money advanced by [Appellant] to [Stone] towards the above mentioned buildings of $169,676.00."). In his deposition, Appellant testified consistently with this averment, stating that Stone paid $100,000.00 to Appellant after receiving construction invoices totaling $269,676.00. Deposition of Charles Phillips, 8/13/2014, at 34-35, 105. In addition, Appellant testified that Stone promised to pay the balance within a week.[5] *Id.* Appellant's son, Taylor Phillips testified similarly. *See*

_____

[5] The trial court determined that there was no evidence that Stone agreed to reimburse Appellant for construction expenses. However, Appellant testified:

Q: […] Now, Paragraph 10 of the [c]omplaint […] alleges that you and your son promised Mr. Stone that you would assume the costs of construction for this new building.

A: Right.

Q: […] Are you denying that you and your son agreed to pay for the costs of the construction of this building?

*(Footnote Continued Next Page)*

Deposition of Taylor Phillips, 8/13/2014, at 74-75. Taylor Phillips specifically rejected the suggestion that the $100,000.00 check from Stone was for the purchase of furniture or some other reason. *Id.* at 76. Instead, Taylor Phillips stated that the check from Stone came in response to Appellant's submission of invoices for the costs of the building construction. *Id.* at 78-81.

*(Footnote Continued)* ————————

A:   We were going to pay for the construction of the building, yes.

Q:   […] Is it your contention that Mr. Stone was going to pay you back for the money you spent building this building?

A:   Yes.

Q:   And on what basis do you assert that Mr. Stone was going to pay you back for this money you advanced? Did he agree to that up front?

A:   Yes.

Deposition of Charles Phillips, 8/13/2014, at 90-92. Thereafter, Appellant testified that the form of Stone's reimbursement may have changed from a cash repayment to the transfer of property or to the formation of a granite business partnership between the parties. *Id.* at 92. While this later testimony could have raised issues surrounding Appellant's credibility, it does not support the entry of summary judgment, as the trial court determined, because Appellant's testimony regarding Stone's promise to reimburse construction-related expenditures offered an evidentiary basis for finding a valid oral agreement between the parties. It remained the factfinder's responsibility to resolve conflicts in the evidence and determine whether a contract for reimbursement of construction expenses existed. As we will discuss *infra*, Appellant's testimony coupled with the testimony that Stone paid Appellant $100,000.00 after receiving invoices for construction costs present compelling circumstances for allowing this case to proceed to trial. *See* Deposition of Taylor Phillips, 8/13/2014, at 74-81.

In its motion for summary judgment, Stone contended that Appellant "not only failed to aver how [Stone] allegedly breached the supposed oral agreement, but has produced no evidence that Greg Stone ever agreed to reimburse [Appellant] for the construction costs of the [n]ew [b]uilding." Stone's Motion for Summary Judgment, 5/13/2016, at 8. However, in its answer to the complaint, and in a subsequent amended answer, Stone admitted to paying Appellant $100,000.00, but claimed the payment was not pursuant to a valid oral contract for construction. **See** Stone's Answer and New Matter, 3/11/2014, at 3, ¶ 10; **see also** Stone's Amended Answer, 4/24/2014, at 3-4, ¶ 10. Instead, Stone maintained that the $100,000.00 payment to Appellant was "for various furniture expenditures and other items related to the project." **See** Stone's Amended Answer, 4/24/2014, at 3-4, ¶ 10.

"It is black letter law that in order to form an enforceable contract, there must be an offer, acceptance, consideration, or mutual meeting of the minds." **Walton v. Johnson**, 66 A.3d 782, 786 (Pa. Super. 2013). "A breach of contract action involves: (1) the existence of a contract; (2) a breach of a duty imposed by the contract; and (3) damages. While every element must be pleaded specifically, it is axiomatic that a contract may be manifested orally, in writing, or as an inference from the acts and conduct of the parties." **Braun v. Wal-Mart Stores, Inc.**, 24 A.3d 875, 896 (Pa. Super. 2011) (citation omitted).

We previously determined:

An implied contract arises where the parties agree upon the obligations to be incurred, but their intention, instead of being expressed in words, is inferred from their acts in the light of the surrounding circumstances.

Implied contracts arise under circumstances which, according to the ordinary course of dealing and the common understanding of men, show a mutual intention to contract. When ascertaining the intent of the parties, we must look to the outward and objective manifestations of the assent to enter into the contract.

*Dittman v. UPMC*, 154 A.3d 318, 325–326 (Pa. Super. 2017) (internal citations and quotations omitted). "This court has recognized that there can be no more clear and unequivocal acknowledgement of a debt than payment." *Cole v. Lawrence*, 701 A.2d 987, 990 (Pa. Super. 1997).

Here, Appellant testified that Stone agreed to reimburse construction expenses and it is undisputed that Stone paid Appellant $100,000.00. Appellant claims that said payment confirmed a valid oral contract for reimbursement and represented Stone's tangible acknowledgment of that obligation. Stone admits that he paid Appellant $100,000.00, but claims it was for expenses unrelated to the construction of the building at issue. These contentions are squarely at odds and create an issue of material fact for a factfinder to determine. Accordingly, we vacate the portion of the order granting summary judgment as to Appellant's claim that Stone breached a contract to reimburse Appellant for construction expenses. Because Appellant failed to preserve any other issues, we affirm the trial

court's order insofar as it granted summary judgment as to the other claims in Appellant's complaint.

Order affirmed in part and vacated in part. Case remanded for additional proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/25/2017